WILLIAM P. BRIGGS *v.* RHODA BEACH, and ROBERT BEACH, Trustee.

The jurisdiction of a justice of the peace, in an action commenced by trustee process, must be determined by the amount of the matter in demand between the plaintiff and the defendant.

Where a bond was executed to husband and wife, in consideration of property delivered by the husband to the obligor, conditioned for the delivery of certain specific articles of property to the obligees, during their natural lives, for their support, it was held, that the wife had an equitable interest in the bond, and might legally cancel it, after the decease of her husband.

And where the wife, in such case, after the decease of her husband, cancelled the bond executed to her husband and herself, and received, in lieu thereof, a bond to herself, conditioned for general maintenance through life, it was held, in the absence of all proof of fraud, that the the obligor was not chargeable as her trustee, by reason of such second bond.

An obligation to maintain a person through life is a mere personal matter, and, where the consideration did not move from the person to be supported, cannot be attached by trustee process.

TRUSTEE PROCESS. The action was originally commenced before a justice of the peace, and judgment was rendered in favor of the plaintiff for $35,84 damages and $4,63 costs, and the trustee was adjudged chargeable in the sum of $100, and his cost was taxed at $6,12. The trustee appealed, and, when the action was entered in the county court, moved to dismiss the same, for want of jurisdiction in the justice, for the reason that he was adjudged trustee in the sum of $100, and that it was adjudged that the plaintiff have execution against him for the sum of $40,47. The county court,—BENNETT, J. presiding,—overruled the motion; to which decision the trustee excepted.

The trustee then filed a disclosure, setting forth the facts in substance as follows. On the first day of April, 1818, the trustee executed to his father, John Beach, and the defendant, Rhoda Beach, the wife of the said John Beach, a bond, by which he became bound to deliver to them, each year, during their natural lives, ten dollars in money and certain specified articles of provisions, one half of the amount to be discontinued upon the decease of either of the obligees,

and to perform certain other acts towards their support; and John Beach thereupon conveyed all his property to the trustee. The performance of the terms of this bond was secured by mortgage. John Beach died in 1835, or 1836, and after his decease the trustee continued to deliver to Rhoda Beach the articles specified in the bond for some years. Subsequently a suit was commenced in favor of Rhoda Beach against the trustee for a breach of the bond, and while that suit was pending, on the eighth day of February, 1842, Rhoda Beach cancelled the bond and surrendered it to the trustee, and the trustee thereupon executed and delivered to her, in lieu of said bond, a bond in the penal sum of $2000, conditioned for her general support in his family during her life, and also agreed to pay the sum of ten dollars to certain persons specified by her, the most of which was paid before the commencement of this action. The performance of the stipulations in this bond was secured by a mortgage of the real estate of the trustee. Rhoda Beach was then seventy five years of age, and the plaintiff's account against her accrued for services and disbursements by him, as an attorney, in the suit in her favor against the trustee. The value of the articles to be delivered to Rhoda Beach each year, after the decease of her husband, besides clothing, and necessary care in sickness, &c., was estimated by the trustee to be $93,50. At the time of the execution of the second bond no particular examination of books, or of items of account, was made, but the trustee alleged that a full settlement was then made between them, and that the object of Rhoda Beach was to be free from the care attendant upon the receiving and managing the articles to which she was entitled by the terms of the first bond.

The county court adjudged that the trustee was not chargeable; to which decision the plaintiff excepted.

*Briggs & Underwood* for plaintiff.

1. Is not the trustee chargeable, even under the second bond? Is not the support of a person in future such a right, or credit, as can be reached by the creditor in the trustee process,—especially when the only consideration for such contract is the property of the debtor, which is actually transferred to the trustee? *Crane* v. *Stickles & Tr.*, 15 Vt. 252.

Briggs *v.* Beach & Tr.

2. We insist that the settlement of February 8, 1842, was fraudulent and void as to creditors.

3. The case discloses an estate belonging to Rhoda Beach, in the hands of the trustee, of $2000, the interest of which is $120 during her life, as appears by the articles enumerated, valued at $93,50, and the clothing, which cannot be valued at less than $25,00. We insist, that an annuity of $120 can be reached by the trustee process; and wherein does this contract differ from any other fixed income of $120 per year?

*Asahel Peck* for trustee.

1. If, on the death of John Beach in 1836, the stipulations in the first bond, so far as they were for the benefit of Rhoda Beach, vested in her so far, as to become attachable under the trustee process as a debt due to her, then she was competent to discharge the bond,—and more especially, as thereby she obtained a more beneficial contract. If the legal right to the first bond did not so vest in her, then it was not subject to trustee process as her property in the hands of Robert Beach. As the first bond was discharged Feb. 8, 1842, and this suit was commenced in Dec. 1842, the trustee is not chargeable on that bond.

2. He cannot be made chargeable, as trustee, by virtue of the second bond, which is only for general support; it is not a *debt*, which comes within the trustee process, as there is no breach of the bond. The creditors of the obligee have no greater right than the obligee herself, and can enforce performance in no other way, than in accordance with the stipulations of the bond; therefore there is no way in which the plaintiff can have the benefit of the contract, unless he can be substituted in the place of Rhoda Beach and receive the support in her stead. But the contract is of a personal nature, and neither Rhoda Beach nor her creditors can vary its terms nor substitute another in place of the obligee, to receive this support; this would entirely change both the *character* and *measure* of the obligation. Whether one, who is indebted, can transfer all his property for a bond for general support during life is not the question here. If in such case the obligor is liable as trustee, it is for the property conveyed, and not on account of such indebtedness in the bond. *Flanders* v. *Lamphear*, 9 N. H. 201.

3. The justice, in rendering judgment against the trustee for more than $40, exceeded his jurisdiction, and, as to the trustee, the action should have been dismissed.

The opinion of the court was delivered by

BENNETT, J.   The motion to dismiss the action for the want of appellate jurisdiction in the county court was properly overruled. The statute gives to a justice of the peace jurisdiction in a trustee suit, when the matter in demand does not exceed forty dollars. This must mean, the matter in demand against the principal debtor in the suit.   The question, how far the trustee shall be adjudged chargeable, can in no proper sense be regarded as the matter in demand.   In this case the matter in demand did not exceed forty dollars.

We think the county court were correct, in holding that Robert Beach was not chargeable as the trustee of Rhoda Beach.   The first bond was executed by Robert Beach to John Beach and his wife, Rhoda Beach, as early as the year 1818.   Before the commencement of this suit John Beach had deceased, and Rhoda Beach had given up the first bond and had taken the second bond, as a substitute; and there is no evidence, that this was done through any improper motive.   It is quite clear, that Robert Beach cannot be adjudged trustee by reason of the first bond.   The property passed from John Beach into the hands of Robert Beach; and the object of the bond was to secure to John Beach and his wife a support during their natural lives.   The wife had at least an equitable interest in this bond; and upon the decease of John Beach she had the power to control it.   This bond, then, was legally cancelled before the present suit was commenced.

The question remains, whether Robert Beach should have been adjudged trustee by reason of the second bond.   We think not. This bond was substituted by Rhoda Beach in lieu of the first bond; and there is no evidence of fraud in the transaction.   The husband's property furnished the consideration for the first bond, and no one of his creditors raises any question in reference to it.   The second bond secures to Rhoda Beach a personal support during her natural life, upon a consideration in fact moving from the husband, in his life time, to Robert Beach.   The duties of Robert Beach to Rhoda

Beach, by reason of this bond, are of a personal nature, and can in no way be varied by her or by her creditors. Rhoda Beach has a right to a personal support. If this right could be attached under the trustee process, I do not see but that we should be compelled to substitute Mr. Briggs in her place and allow him to enjoy her right personally.

This is not like the case of *Crane* v. *Stickles & Tr.*, 15 Vt. 252. That was a case, where the principal debtor disposed of her whole property to secure a future support; and it was held, that the person, to whom the property was transferred, might be adjudged trustee for the specific articles.

The judgment of the county court must be affirmed.