TERZAH WHITE v. MARY CAPRON; CHARLES G. SPAULD-
ING, TRUSTEE.*

*Exemption from Attachment.   Trustee Process.   Homestead.*

Where the exemption of property from attachment is of specific things *in numero,*
the number of things exempt is not doubled when ownership is of an undivided
half of each.  Thus, one who owns an undivided half of a yoke of oxen, of a yoke
of steers, and of more than twenty sheep, is entitled to an exemption in either the
oxen or the steers, and in ten of the sheep—not in both oxen and steers, and in
twenty sheep.

A grindstone kept and used on a farm in the ordinary manner is exempt from at-
tachment.

C. sold all her interest in a farm, consisting of an undivided half wherein she had a
right of homestead, for $1,400, the homestead being undivided and sold with the
rest of her interest.  The purchaser made a general payment of $300 at the time
of purchase, assumed a mortgage for $600, and gave his notes for the unpaid bal-
ance.  *Held,* in trustee process against C., in which the purchaser was summoned
as trustee, that as it did not appear that C. and the purchaser treated any part of
the purchaser's indebtedness as arising from the purchase of the homestead inter-
est, the trustee should be held chargeable for $312.50, five eighths of that indebt-
edness, only.

TRUSTEE PROCESS.  A commissioner was appointed, who re-
ported the following facts :

On April 19, 1876, the trustee purchased of the defendant an un-
divided half of a farm in Bridgewater, in which the defendant had
a right of homestead, the homestead not being set out, and of cer-
tain personal property thereon, including, among other things, a
yoke of oxen, a yoke of steers, seventy-two sheep of the value of
$172, and a grindstone of the value of $9, which the defendant had
used in carrying on the farm.   The agreed price for the whole was
$1700—$1400 for the farm, and $300 for the personal property.
In part payment for the farm, as it was then understood, the trustee
gave the defendant $300 in money, and assumed the payment of
half of a mortgage for $1200 to which the entire farm, the other
half of which was owned by the defendant's son, was then subject.

---

*Heard at the February Term, 1878.

For the remaining $800 he gave the trustee his four promissory notes of that date for .$200 each, secured by mortgage on an undivided half of the farm, and payable one on April 1, 1877, and the others in one, two, and three years thereafter respectively. Those notes the defendant took and ever after kept, the trustee never having paid them.

The commissioner ruled, subject to the opinion of the court as to questions of law, that an undivided half of the oxen, of ten of the most valuable sheep, and of certain other articles of personal property, all of the value of $175.85, was exempt from attachment, but that the steers and the grindstone were not exempt; that five eighths or $187.50 of the $300 paid by the trustee as aforesaid should be applied in payment *pro tanto* for the defendant's homestead interest; that the remainder of the homestead interest, $312.50, was exempt from attachment; that the total of the exemption on account of homestead and of exempt personal property amounted to $488.35; that the deduction of that sum and $4 which the defendant owed the trustee on other matters from $800, the amount of said notes, left $307.65, for which, with interest from the date of said sale, the trustee was chargeable.

The trustee excepted to the report, for that the commissioner had not allowed an exemption of an undivided half of the yoke of steers, of other ten of the sheep, or sheep to the value of $30, and of the grindstone; and for that he had ruled that the trustee was chargeable with $187.50 of the $500 due on the real estate.

At the May Term, 1877, the court, BARRETT, J., presiding, adjudged, *pro forma*, that the trustee was chargeable for $307.65, according to the commissioner's report, to which the trustee excepted.

*Gilbert A. Davis*, for the trustee, cited, on the question as to the exemption of the personal property, *Webster* v. *Orne*, 45 Vt. 40; *Mundell* v. *Hammond*, 40 Vt. 641; *Dow* v. *Smith*, 7 Vt. 465; *Freeman* v. *Carpenter*, 10 Vt. 433; REDFIELD, J., in *Carty* v. *Drew*, 46 Vt. 346; *Spooner* v. *Fletcher*, 3 Vt. 133, and cases *passim ;* and on the question as to the exemption of the home-

stead, *McClary* v. *Bixby*, 36 Vt. 254 ; *West River Bank* v. *Gale*, 42 Vt. 27.

*Charles P. Marsh* and *Charles H. Williams*, for the plaintiff.

An undivided half of the steers and other ten of the sheep was not exempt. Sts. 1866, No. 39.

The grindstone was not exempt. *Henry* v. *Sheldon*, 35 Vt. 427.

The $300 was properly applied in payment on the defendant's half of the farm including the homestead. The question as to what the application should be depends on the question of fact as to how the parties treated it, and the report finds that they treated it as payment on the whole.

The opinion of the court was delivered by

Ross, J. The statute exempts from attachment by trustee process a debt due from the purchaser to the vendor for property exempt from attachment and levy of execution, unless intervening the creation of such indebtedness and the service of the process, such vendor has repossessed himself of other like property in the place of that from which the indebtedness arose. Sts. 1865, No. 14. On the facts reported and the exceptions to the report, the trustee raises, in principle, three questions :

I. Among the property purchased and for which the trustee is still indebted to the defendant, was a yoke of oxen, a pair of two-year-old steers, and seventy-two sheep, of all which the defendant owned an undivided half. The commissioner has reported as exempt from the operation of the trustee process half of the value of the oxen and of ten of the most valuable sheep. The trustee claims that he should be allowed to hold exempt, in addition thereto, half of the value of the steers and of ten more sheep ; and bases his claim upon the ground that the defendant's interest in said property was an undivided half. The statute exempts from attachment and levy of execution, one yoke of oxen or steers— not both,—and ten sheep in number. It is not the value of a yoke of oxen or steers, nor the value of ten sheep. Were it so, the claim of the defendant might be tenable. The exemption, attaching by the terms of the statute to specific property *in nu-*

*mero,* will not allow doubling the number, whenever the defendant happens to own but an undivided half of the property enumerated. Such holding would change the exemption from that of specific articles to their value, and so contravene the manifest intention of the statute. The exemption of ten sheep is rarely an exemption of the same value in dollars, when applied to different individuals. The same is true in regard to the exemption of a yoke of oxen or steers. Yet, the Legislature has chosen to make the exemption one of specific property, and it is not the duty of the court, even in the application of the liberal construction which has properly prevailed in this class of cases, to change the exemption to that of the value of the property enumerated. There would be no possibility of administering the law under such a construction. Neither the value of a yoke of oxen nor of ten sheep is fixed, but constantly fluctuating with their age, quality, demand, and relative value. The attempt to construe the statute so as to render it applicable to specific property *in numero* and its value, would lead to interminable conflict and practical impossibilities. There was no error in the acceptance of the report by the court, and its judgment in this respect.

II.　The defendant claims that half of the value of the grindstone should be deducted from the amount for which the County Court held him liable, because he claims that it was exempt from attachment and levy of execution under the provision of the statute which exempts such tools as are necessary for upholding life. The grindstone in question and those in general use on farms, are of but small value, operated by the direct application of manual power, and nearly or quite indispensable in performing the hand labor on a farm. Very little can be accomplished with an ax, scythe, and many other hand tools in constant use on a farm, without a grindstone to render them serviceable. We think it falls fairly within the principle announced as applicable to this class of exemptions in *Spooner* v. *Fletcher,* 3 Vt. 133, and *Allen* v. *Thompson,* 45 Vt. 472.

III.　The commissioner has found that the defendant was entitled to a homestead in the premises sold, but it was undivided and sold in connection with her remaining interest in the farm. The

entire consideration agreed to be paid by the trustee for the defendant's interest in the farm, was $1400. He paid $600 by assuming one half of the mortgage. This left an equity of redemption belonging to the defendant, in which her homestead existed, of $800 value. No part of the defendant's indebtedness arising from the purchase of this equity of redemption was treated or set apart between the defendant and trustee as arising from the purchase of the homestead interest. She received a general payment of $300 towards the purchase of the entire equity of redemption. This left $500 included in the notes of the trustee which arose from the general purchase of the whole equity of redemption. Five-eighths of it arose from the purchase of the homestead interest, and no more. If the commissioner had found that the $500 included in the unpaid notes was treated between the defendant and the trustee as the purchase-money of the homestead interest, a different result would be reached. But as the statute exempts from the operation of the trustee process so much of the indebtedness in this respect as arose from the purchase of the homestead interest, it is incumbent upon the trustee to show that the $500 remaining unpaid was given wholly for the purchase of the defendant's homestead interest, and not generally for the purchase of her entire equity of redemption, as has been found by the commissioner. There was, therefore, no error in the judgment of the County Court in respect of the homestead interest.

The result is, that the judgment of the County Court is reversed, and judgment is rendered that the trustee is chargeable for the sum and as adjudged by the County Court, less the sum of $4.50, half the value of the grindstone. This deduction is so small that we allow the trustee no term or attorney fee in this court.