JOSEPH HASTIE v. SIDNEY KELLEY AND ALEX.
ROY, TR.

*Trustee Process. Exempt, Non-Exempt Property. Life
Annuity. Homestead. R. L. s. 1076. Presumption.*

1. When one sells property, a part of which is exempt and a part non-exempt, an amount of the debt equal to the value of the exempt part cannot be attached by trustee process.
2. If in such case there was no fraud, and it was the understanding between the parties that a debt due from the vendor to the vendee should be paid out of the non-exempt, it will be so applied, and only the balance held.
3. Nor can the avails of exempt property be reached by trustee process, although the debt assumed the form of a *life annuity*; and the defendant had left the State to reside in New Hampshire.
4. HOMESTEAD. The defendant owned two lots of land, one containing an acre and a half with a house on it kept for his home, worth $450, and the other lot, forty rods distant, kept and occupied as a part of the homestead, worth $650, and sold both; *Held*, that $500 were exempt, as the homestead included not only the house and lot on which it stood, but $50 in value in the other lot.
5. It will not be presumed that defendant had exempt property of the same kind in New Hampshire.

TRUSTEE PROCESS. Heard by the court on the report of a commissioner, December Term, 1883, Caledonia County, Ross, J., presiding. Judgment that the trustee be held for $24.05, less his taxable cost.

The deed by which the land was conveyed to the trustee contained this condition: " That if the said Alex. Roy shall pay to the said Sidney Kelley the sum of $100 each year during the remainder of the said Sidney Kelley's life, then this deed to be of full force, otherwise null and void."

The fifty acre lot consisted of " mowing, pasturage, and wood land." The commissioner found, that the defendant carried the land on himself; that he took and used all the products, and got his wood there; and that immediately after the conveyance in 1882 to the defendant, the trustee

and his wife moved to New Hampshire, where they have since resided. The other facts are sufficiently stated in the opinion.

*Leslie & Laird,* for the plaintiff.

The conveyance was fraudulent as to Kelley's creditors. *Jones* v. *Spear,* 21 Vt. 426; *Stanley* v. *Robbins,* 36 Vt. 432; *Woodward* v. *Wyman,* 53 Vt. 645; *Crane* v. *Stickles,* 15 Vt. 252; R. L. s. 1132. There being no provision for the payment of Kelley's debts, the case is within the law against fraudulent conveyances. R. L. s. 1955; *Jones* v. *Spear, supra; Woodward* v. *Wyman, supra.* When Kelley moved out of the State he abandoned all homestead rights, and the annuity, whether it arose from the homestead or not, was attachable.

There was no agreement that the attachable property should be applied on Kelley's debt. *White* v. *Capron,* 52 Vt. 634; *Pierce* v. *Knight,* 31 Vt. 701. The fifty acre lot was no part of the homestead, and was attachable. POWERS, J., in *Lamb* v. *Mason,* 50 Vt. 345.

*Bates & May,* for the trustee.

The sale of exempt property is not fraudulent, even if made to cheat creditors. *Prout* v. *Vaughn,* 52 Vt. 451. The homestead was not confined to the smaller piece of land. The original homestead act was changed in 1863. The intent clearly was to exempt $500 worth of real estate, whether the lands were appurtenant or not. *West River Bank* v. *Gale,* 42 Vt. 27; *Spaulding* v. *Crane,* 46 Vt. 297; Thomp. H. & Ex. ss. 101, 105, 145; *Miller* v. *Menke,* 56 Tex. 539. The annuity was not trusteeable. *Heizer* v. *Heizer,* 36 Am. Rep. 202; *Wiggin* v. *Swett,* 6 Met. 194; *Sayward* v. *Drew,* 6 Me. 263; 30 Vt. 361; 31 Vt. 512; 28 Vt. 73, 393; 19 Vt. 644.

The opinion of the court was delivered by

VEAZEY, J. It is here sought to hold the trustee for the

value of property sold and conveyed by the defendant to the trustee. The property was real and personal, and amounted in value to $1,330.50. The amount of exempt property included in this sale was $640.50. The amount of non-exempt property was $690. In part payment of this property the trustee relinquished a debt of $665.95, which the defendant then owed the trustee. Adding this to the exempt property, and the 'difference between this sum and the whole value of the property conveyed is $24.05. The County Court adjudged the trustee chargeable for this sum less his costs, to which the plaintiff and trustee excepted; but the trustee waived his exceptions. The plaintiff's debt existed against the defendant when this transaction took place; but the trustee did not know of it, and there was no fraud in fact between the parties. The sale and conveyance by the defendant to the trustee included all the property the defendant had; and the consideration, in addition to the discharge of the debt to the trustee, was to be an annuity to the defendant of $100 per year while he lived.

The defendant could not make such a provision for himself by a transfer of all his property that would avail against the plaintiff's claim then existing, if this provision was the only consideration. The trustee having sold the non-exempt real estate for $600, has a fund that would be trusteeable unless the defendant has been paid for that part. Under the provisions of our statute, section 1076 of the Revised Laws, the trustee is not chargeable for the exempt portion of the property conveyed to him. · Neither is he chargeable for the proceeds of the non-exempt part sold by him unless the finding of the commissioner is such as to compel the court to apply the debt due from the defendant to the trustee, and which the latter relinquished, proportionately between the parts exempt and non-exempt, as was done with a payment in *White* v. *Capron & Tr.* 52 Vt. 634, in which the commissioner found the payment was *general*. We think this report does not compel such application.

After a full statement of the facts the commissioner says: "If the defendant Kelley has the right to purchase an annuity with his homestead and the exempt personal property, and has also the right to prefer Mr. Roy as a creditor, I find that there was property subject to attachment by plaintiff in trustee's hands to the amount of $24.05." We understand this to be intended as a finding that the parties understood that the transfer of the non-exempt property was to be, so far as necessary, a payment of the debt due from Kelley to Roy, and the exempt property was to be for the purchase of the annuity. The transfer having been made with this understanding, Roy is not chargeable as trustee except for said balance of $24.05. *White* v. *Capron, supra.*

We do not think the fact that Kelley went to New Hampshire to live after this transaction should vary the rule applicable to the case; or that we should presume on that account that he had other exempt property in New Hampshire of the same kind as that conveyed by him to Roy. The report leaves but little ground for such inference or presumption, if indeed ever proper.

The real estate conveyed by Kelley to Roy consisted of two pieces, being all he had, one containing one and one half acres and having the house thereon occupied by Kelley as his home, and of the value of $450; and the other containing fifty acres worth $650, and being from thirty to forty rods distant from the first mentioned piece. The plaintiff claims that the fifty acre piece was no part of the homestead exempt from attachment and execution, because not adjoining the acre and half piece where the buildings stood.

It was to all intents kept and occupied as a part of the homestead. It was land "used in connection" with the "dwelling house" and "out-buildings." We think that under the homestead act, as it now is and has been since the compilation of 1863, the exemption, to the extent of $500, may apply in part to a separate parcel from the lot where

the house stands, when such parcel is kept by the house-keeper or head of the family as a part of the homestead, and is used in connection therewith, and where the lot on which the buildings stand is, including the buildings, of less value than $500. *West River Bank* v. *Gale*, 42 Vt. 27.

The exemption of the homestead, therefore, included not only the one and one half acre piece where the buildings stood, but $50 in value in the other piece. These views render it unnecessary to notice the other points argued.

Judgment affirmed.