CHITTENDEN COUNTY, JANUARY TERM, 1887.

[CONTINUED FROM PAGE 569.]

ELIJAH DICKINSON v. BYRON DICKINSON AND CALVIN PUTMAN.

[IN CHANCERY.]

*Mortgage. Future Support. Trustee Process. Tender.*

1. While an obligation for future support may not be a trusteeable debt, yet where the obligor has failed to support, and arbitrators have awarded a specified sum against him because of such failure, such award is a debt subject to attachment by trustee process; and when in such case the obligee has brought his petition to foreclose the mortgage executed to secure his support, the obligor can deduct the amount for which he had been adjudged trustee.

2. The obligor should have tendered money sufficient to pay both the award less the amount for which he was held trustee, and also the expense of the obligee's support to the time of the tender.

3. Under a bond for future support, providing that if the obligee became dissatisfied with his treatment he had the privilege of residing in some other family, *it was held* optional with him whether to reside with the obligor, or in some other family.

PETITION to foreclose a mortgage.

Heard on the pleadings and a special master's report, April Term, 1886, TAFT, Chancellor. Ordered that a decree of foreclosure pass for the petitioner; that there should be allowed him the sum $355.24, with interest from April 6, 1886; and that there should be deducted the amount of the two tenders with interest thereon.

The master found, that the arbitrators allowed the price of board, $1.75 per week; that defendant Putman ought to pay $2 per week up to April 6, 1886; that said Byron went to live with one Haskins, his son-in-law, about five miles distant, when

he left said Putman's; that defendant Putman after the removal offered to support the petitioner and his wife at some place at Underhill Center, nearer and more convenient of access for him, but that they claimed that they had the right under the bond to select their own place. The other facts are sufficiently stated in the opinion.

*V. A. Bullard* and *Wilbur & Wolcott*, for the defendants.

The petitioner has no legal right to require his support at a place where it would cause needless expense, or be exceedingly inconvenient to the mortgagor. 1 Hill. Mort. 172 ; *Wilder* v. *Whittimore*, 15 Mass. 262 ; 12 Allen, 586 ; *Holmes* v. *Fisher*, 13 N. H. 9 ; 20 Pick. 499 ; 1 Jones Mort. s. 391.

A suit of this kind cannot be maintained in the name of the mortgagee for the benefit of a third person who has furnished the support. *Bryant* v. *Erskine*, 55 Me. 153 ; *Daniels* v. *Eisenlord*, 10 Mich. 454 ; 1 Jones Mort. s. 393. The right of future support was not subject to assignment. 40 N. H. 35 ; 1 Jones Mort. s. 393. The award was not exempt from attachment by trustee. *White* v. *Capron*, 52 Vt. 634 ; 27 Vt. 561 ; 9 Gray, 211 ; 42 Vt. 120 ; *Holmes* v. *Clark*, 46 Vt. 22.

*J. J. Monahan* and *M. H. Alexander*, for the petitioner.

The petitioner had the right, under the bond, to choose the place where he would be supported. *McClure Bros.* v. *Briggs*, 58 Vt. 82 ; 2 Atl. Rep. 485, n. The award was not subject to the trustee process. [Cases cited in the opinion.] It was a joint debt due to the petitioner and his wife. *Fairchild* v. *Lampson*, 37 Vt. 407 ; *Bartlett* v. *Woodward*, 46 Vt. 100 ; *Towne* v. *Leach*, 32 Vt. 747.

The opinion of the court was delivered by

ROYCE, Ch. J. It is found by the report of the master, that in 1876, the petitioner conveyed his farm, with the personal property thereon, to the defendant, Byron Dickinson, and that Byron executed the mortgage described in the petition, condi-

tioned for the performance of the condition of a bond given by him to the petitioner for the support of the petitioner and his wife during the remainder of their lives, and the payment to them of a sum not to exceed $20 a year during their lives. Byron performed the conditions of the bond for about eight years, when he became involved, and on the 31st of October, 1883, he and his wife conveyed the property to the defendant Putman, who assumed the obligation for the support of the petitioner and his wife resting upon Byron by virtue of said bond. Putman took immediate possession of the premises, and the petitioner and his wife resided with him, and were supported and cared for by him until the 17th of October, 1884, when they, having become dissatisfied with their treatment, left and went to live with one Haskins; and sent back word to Putman that they should not return.

The bond given by Byron required him to furnish suitable and appropriate rooms for the use of petitioner and his wife as long as it should be their pleasure to occupy the same, and in case they should become dissatisfied with the treatment of the said Byron or his family, they were to have the privilege of going to reside with some other family; and the said Byron was, at all times and places to furnish the support provided for them in the bond, thus leaving it optional with the petitioner and his wife to reside with Byron on the premises conveyed, or in some other place. *McClure Bros.* v. *Briggs,* 58 Vt. 82.

On the 27th of February, 1885, Haskins having received no compensatien for the support and care of the petitioner and his wife since their removal to his place, the petitioner claimed there had been a breach of the bond on the part of Putman, and they then submitted all said matters to the arbitration and award of two arbitrators by them chosen. The arbitrators awarded the petitioner $203.87 for the support and maintenance of himself and his wife during the time they had lived at Haskins, and the annuity due.

One of the matters submitted was the construction to be put

upon said bond ; and that was conclusively settled by the award. After said award was made and published, one Terrill brought a suit upon a claim he had against Haskins, and summoned the petitioner as trustee ; and upon evidence and examination he was held as trustee, and judgment was rendered against him on the 17th of March, 1885. On the 18th of March, Terrill brought suit upon said judgment against the petitioner, and summoned the defendant Putman as trustee.

Upon the return day of said writ—the 7th of May, 1885—the petitioner was defaulted, and Putman, upon his disclosure, reciting an indebtedness upon said award, was held as trustee, and judgment was rendered against him for $87.84.

A suit was brought on the 29th of May, 1885, upon the award in the name of the petitioner, but for the benefit of one Reynolds, to whom the claim had been assigned ; and at the time of the hearing before the master, that suit was pending in the County Court. This suit is also being prosecuted for the benefit of said Reynolds.

Putman paid the judgment rendered against him as the trustee of the petitioner ; and the question is presented whether he is entitled to the benefit of that payment in reduction of the sum due upon the award. The petitioner claims that the award being for the support and maintenance of the petitioner and his wife, it was not subject to the trustee process ; and in support of that claim cites, first, the case of *Briggs* v. *Beach & Tr.* 18 Vt. 115. In that case the trustee had executed his bond conditioned for the support of the defendant during life ; and the court held that it was not a debt which came within the trustee process ; that the creditor had no greater right than the obligee, and could enforce preference of the bond in no other way than she could ; and if the right could be attached they would be compelled to substitute the creditor in her place, and allow him to enjoy her right personally.

The second case is that of *Stanley* v. *Robbins*, 36 Vt. 422 ; and all that is said upon the subject is that an obligation for support being of a personal character the property would not

Dickinson *v.* Dickinson.

be subject to attachment by trustee process, as was decided in *Briggs* v. *Beach & Tr.* 18 Vt. 115. The third case is *Hastie* v. *Kelley & Tr.* 57 Vt. 293, which simply held that the avails of exempt property could not be reached by trustee process, although the debt assumed the form of a life annuity. All the cases that have come under my observation in which it has been held that such a contract did not come within a trustee process, have been where the trustee has been sought to be charged on account of his obligation for future support; and in such cases it might well be held that the trustee could not be adjudged chargeable; because the money or thing due from him to the defendant depended upon a contingency. Sec. 1074, R. L. The duty to support is contingent upon the life of the party to. be supported. And so the value of the support to be rendered is incapable of estimation.

It will be noticed that the award made had no reference to future support, that was secured by the bond and mortgage, and no suggestion is made but what that security was ample. The award was to compensate the petitioner for past support which Putman had neglected to furnish. It stands for consideration as it would if the petitioner had settled the matter with Putman and taken his note or other obligation upon the same consideration for the amount due. Sec. 1071, R. L., provides that any money or other thing due to the defendant, if it is due absolutely and without contingency, may be attached by the trustee process. And when the award was published there became a debt due to petitioner that might be attached by the trustee process. The defendant Putman having been adjudged the trustee of the petitioner, and having paid the judgment rendered against him, is entitled to the benefit of that payment, and the sum so paid should be deducted from the award.

On the first day of June, 1885, the defendant Putman tendered to said Reynolds the sum of $119.24, being the amount, after deducting the amount of said judgment, then due upon said award, and said tender has been kept good; and on the 24th day of August, 1885, he made him a further tender of

Dickinson *v*. Dickinson.

$55.50. No tender was made at the time the tender of $119.24 was made to cover the expense of the petitioner's support from the 27th of February until that time, so it was insufficient in amount, and Reynolds was under no obligation to receive it. So the tender made on the 24th of August, under the construction we have put upon the bond, was insufficient in amount, and Reynolds was justified in disregarding it.

The decree of the Court of Chancery is reversed, and cause remanded, with mandate to enter a decree that there is due on said mortgage the amount of said award, with interest on the same after it became payable, after deducting the amount of the judgment paid by the defendant Putman, as the trustee of the petitioner ; and the further sum of $136.69, being for the board and care of the petitioner from the 27th of February, 1885, to the 6th of April, 1886, and the annuity then due. The costs are to be settled by the chancellor.