J. W. WELLS, Administrator of the Estate of T. F. RISK, Deceased, Respondent, v. J. T. MOORE, Appellant.

St. Louis Court of Appeals, January 19, 1897.

1. **Promissory Note, Payable to Husband "or" Wife:** RIGHT OF WIFE TO NOTE AS SURVIVOR OF HUSBAND: EVIDENCE: PRESUMPTION. A promissory note, made payable to the husband "or" his wife, passes, on the decease of the husband, to the wife, who becomes the sole owner of such note as his survivor; and the mere fact that in this case the wife handed the papers of her deceased husband to his administrator, among which was found the note in suit, without anything being said in reference to the note, or his calling her attention to it, would not warrant the presumption that she surrendered her right to the note; for aught that appears from the record she may have been wholly ignorant of its existence.

2. ———: ———: CONSIDERATION MOVING FROM HUSBAND ALONE: SOLVENCY OF ESTATE: EFFECT OF OBLIGATION AS TO CREDITORS AND DISTRIBUTEES. Nor does the fact that the consideration of the note in question moved from the deceased husband alone, affect the right of the wife to such note, where it is conceded that his estate is solvent. Such an obligation is voidable as against the creditors of the husband, but not as against the distributees of his estate.

*Appeal from the Scotland Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

REVERSED AND DISMISSED.

*Smoot, Mudd & Wagner* for appellant.

When a note is taken by the husband in the name of himself and wife the survivor takes title to the same. 1 Bish. Law of Married Women, sec. 93, and cases cited; *Pike v. Collins,* 33 Me. 38–43; *Hoy v. Rogers,* 4 T. B. Mon. (Ky.) 225; *Shields v. Stillman,* 48 Mo. 86; 18 Am. Dec., note p. 382, and citations.

*Lewis Meyers* for respondent.

BLAND, P. J.—Suit on promissory note begun by Wells, administrator of the estate of T. F. Risk, against Moore, before a justice of the peace on a note made by the appellant and payable to decedent or his wife. Risk died in February, 1894. His wife died in December, 1894. There was a judgment against the defendant both before the justice and in the circuit court, and the defendant by successive appeals has brought the case here. There were no instructions asked or given and no exceptions saved as to the admission or rejection of evidence. The contention of the appellant is that on the conceded facts the judgment ought to have been for him.

Wells, the administrator, testified that Mrs. Risk delivered the notes and papers of the deceased to him as administrator, among which, the note sued on was found; that Mrs. Risk did not mention this note to him, and that he at no time had any conversation with her concerning it. It inferentially appears from a bank

PROMISSORY note payable to husband "or" wife: right of wife to note as survivor of husband: evidence: presumption.

check read in evidence that the note sued on was for money loaned to Moore by Risk. The estate of Risk is solvent independent of this note for $30. The sole question presented by the record is, whether this note is an asset of the estate of Risk, or whether it went to Mrs. Risk, as the survivor of her husband.

It was held in *Polk's Administrator v. Allen*, 19 Mo. 467, that a gift of a slave to husband and wife, on the death of the husband would go to his representatives. At common law there could be no joint ownership of a chattel by husband and wife, as held in the above entitled cause. The entire title immediately vested in the husband. This decision was promulgated before the statutory innovations or changes in this state governing the property rights of married women. But we have a different case here.

In the case of *Shields v. Stillman*, 48 Mo. 86, it is held that a note made payable to husband and wife, on the death of the wife, would go to the husband as survivor. The weight of authority, both English and American, recognize and enforce the right of the surviving husband or wife to the entire property. *Cowper v. Scott*, 3 P. Wms. 120; *Bond v. Simmons*, 3 Atk. 21; *Kingdon v. Bridge*, 2 Vern. 67; *Craig v. Craig*, 3 Barb. Ch. 104; *Draper v. Jackson*, 16 Mass. 486; *Christ Hospital v. Rag*, 2 Vern. 683. The use of the wife's name in the note in suit must have been for a purpose; that purpose it is reasonable to presume was for her advantage. Had the husband desired to be the sole and exclusive owner, and have the note go to his representatives in the event of his death, before its maturity or collection, it is not likely he would have had his wife's name placed in the note as one of the payees. It appears to us that in the phrase, "T. F. or Mrs. T. F.

Risk," as used in this note, the word "or" should be construed as a substitutionary and not as an alternative word. If this construction be given, then at the death of Risk the note was payable to Mrs. Risk, and she became the sole owner of it.

Appellee contends in his argument that Mrs. Risk voluntarily gave up the note. She handed the papers of her deceased husband to his administrator, among which this note was found. Nothing was said about this note; her attention was not called to it by the administrator, and from aught that appears in the record she may have been totally ignorant of its existence. Upon such slight testimony it should not be presumed that she surrendered her right to this note. The maker has the right to make the defense he is making. When he pays the note he should be discharged from liability thereon. Payment to appellee would not, in our judgment, discharge that liability.

As it is conceded that the estate of Risk is solvent, there is nothing in the point that the consideration of the note moved from the husband alone. CONSIDERATION: solvency of estate: effect of note as to creditors and distributees. Such an obligation as against creditors of the husband is voidable, but not as against the distributees of his estate (Bishop, Law Married Women, sec. 103; *Fatham v. Wilson*, 6 Jones, Eq. 250; *Briggs v. Beach*, 18 Vt. 115; *Draper v. Jackson*, *supra*), wherefore the judgment of the circuit court is reversed and the cause dismissed. All concur.