MIGUEL GARCÍA IRIZARRY, Plaintiff and Appellant, v. RICARDO PÉREZ IRIZARRY, Defendant and Appellee.

No. 5610. Argued December 5, 1933.—Decided January 12, 1934.

*E. Báez García* for appellant. *José Sabater* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Miguel García Irizarry, owner of three parcels of land bought during his marriage to Juana Toro Vázquez from different persons, alleges that although said parcels are not contiguous they constituted a single farm which he and his wife acquired jointly through personal labor and economy, with the sole object of providing a homestead as shelter for his family, and that on one of these parcels, acquired in 1910, he built a house in which he lives with his family. The other two parcels were acquired in 1914. It is alleged in the complaint that the plaintiff has no property other than these three parcels, and that he has never forfeited his homestead right. An action was brought against the plaintiff herein, Miguel García Irizarry, in the Municipal Court of Mayagüez by Ricardo Pérez Irizarry, who, upon obtaining a favorable judgment, proceeded to execute it on the three parcels belonging to the said Miguel García. The latter petitioned the court to declare the said parcels to be exempt from execution on the ground that they constituted a homestead. The petition was denied, and the parcels of land were sold at public auction by the marshal to Ricardo Pérez Irizarry, then the plaintiff and now the defendant, for $100.

The defendant herein denies the essential facts of the complaint, and alleges that Clemente Ramírez brought an action of debt against Miguel García and his wife and attached the three rural properties that are described in said complaint. When the said action was brought Miguel García requested the present defendant, Ricardo Pérez Irizarry, to be his surety on a bond which would enable him to obtain the release of the attachment levied by Clemente Ramírez on said three properties, and the defendant, without interest or

benefit, and only as an accommodation to said Miguel García, was the surety for the latter in said suit. Thus the attachment was vacated and the properties were delivered to the then defendant and now plaintiff. A final judgment was rendered against the defendant in the said suit, which was affirmed on appeal by the District Court of Mayagüez; and demand having been made upon the present defendant, Ricardo Pérez, as surety, to satisfy the final judgment rendered against Miguel García, at the latter's request he paid the amount of the judgment, and then the said Miguel García, in order to secure the payment of said sum, sold to his surety for $200 and with an agreement to repurchase, the three parcels of land that are now claimed as a homestead. Miguel García, the former defendant, also sold to his surety, for the sum of $50, five acres (*cuerdas*) of cane which he owned, said defendant binding himself to deliver sufficient cane from the next crop to cover the $50. Miguel García did not fulfill this contract and Ricardo Pérez Irizarry, the present defendant, after having waited two years, brought an action of debt against García, and after judgment was rendered in his favor, he was awarded, at a public sale in execution of the said judgment, the three parcels described in the complaint. The sale took place on December 6, 1928, and on the same day the defendant sold the three parcels that he had purchased to Pedro Toro Rodríguez.

As a special defense the defendant alleges that in the action for debt brought by him against the plaintiff in the present action, said Miguel García asserted a homestead right by a petition claiming exemption from attachment and execution on the three parcels that are described in the complaint, in which petition there were set forth essentially the same allegations and prayer that are made by him in the present suit. The defendant opposed said claim, and on motion of counsel for Miguel García, a day was set for the hearing of the petition. Upon the trial of the claim, the court, after hearing the evidence, denied the petition for homestead.

The defendant alleges that no appeal has been taken from such decision, and that the same has vested certain rights in the parties, and that therefore the said Miguel García may not revive the claim through the complaint filed in this case.

Feeling aggrieved by the judgment of the lower court whereby his complaint was dismissed, the plaintiff took the present appeal, in which he assigns as an only error that the court erred in holding that when the defendant released the attachment levied by Clemente Ramírez over the three parcels belonging to Miguel García and paid the amount of the judgment, thus freeing the said parcels, his actions were not equivalent to having lent the money to the plaintiff for the purpose of buying the said parcel, and hence the plaintiff could not claim a homestead exemption as against the defendant.

The documentary evidence presented by both parties pursuant to a stipulation, shows that Clemente Ramírez attached the three parcels above-mentioned and certain plantations of cane planted by García on seven acres of land that he held under a lease. This attachment was levied for the purpose of securing the effectiveness of any judgment that might be rendered against Miguel García Irizarry. The attachment on the cane was released pursuant to a bond for $200, furnished by Ricardo Pérez Irizarry and Anacleto González.

It has been shown that in 1924 the defendant, Ricardo Pérez Irizarry, paíd, at the request of Miguel García, the sum of $250 to cover the judgment rendered against the said García in the action brought by Clemente Ramírez.

The lower court held that by virtue of the payment made with the money which Pérez Irizarry lent to García to pay the amount of the judgment, the parcels that had been attached by the said Clemente Ramírez were released. It is true that if the judgment had not been paid the same could have been executed on the property of Miguel García; but if at that time García had a right to homestead exemption and was in a position to assert it against the plaintiff in that ac-

tion, it can not be said that the amount paid to the judgment creditor served to save a property from execution when said property was actually exempt from such execution. The conclusion that Miguel García, by requesting Irizarry to pay the amount of the judgment, forfeited his right to a homestead exemption cannot be sustained. The amount supplied by the defendant to satisfy the judgment cannot be considered as money loaned for the purpose of purchasing the property, and therefore the lower court erred in its holding.

The plaintiff relied exclusively on his own testimony to sustain his claim for a homestead exemption. The defendant offered no evidence in regard to this particular aspect of the case. The plaintiff testified that the farm on which he lives is divided into three parcels, one consisting of one-half acre on which his dwelling is located, another of one acre, and the third of two acres; that of the last two parcels one is about six acres and the other twelve meters distant from his dwelling; that the defendant has always resided at that place and was residing there when he was sued by Ricardo Pérez; that he is the sole support of his family and that the produce of the farm is used for the support of the family; that in addition to his wife and his daughter, his mother who is an old woman whom he supports lives with him; that the said three parcels are close to each other but are not contiguous; that he resides on the one-half acre parcel where his dwelling is located, and that his brother-in-law lives on the other small parcel; that the witness has planted white yautías, yams, and minor produce on the parcel on which he resides; black peas, sweet potatoes, pumpkins and minor produce on the small parcel; and coffee, alligator pears . . . on his son-in-law's parcel; that said produce was planted by the witness and the minor produce was planted by his brother-in-law and son-in-law who share the same with him; that he has two daughters, the married one who lives on the small farm with his son-in-law, and the other one who lives with him.

The parties having accepted that the parcels described in the complaint upon which the claim is based are not contiguous, it now remains for us to decide, although the question has not been argued by the parties, whether or not, under the law in force in Puerto Rico, a homestead may be claimed on parcels of land that are separated from that upon which the dwelling house of the claimant is situated.

The statutes of some states recognize a right to homestead exemption on more than one parcel of land. The courts in those states have decided that it is not necessary that the parcels be contiguous. Other courts have maintained a like view in interpreting laws which are very similar to our statute. In the majority of the states it has been held that in order to establish a homestead it is not necessary that the parcels of land be contiguous provided that they do not exceed the value of the exemption fixed by law, and that they are used in connection with the homestead. In some jurisdiction it has been decided, contrary to the weight of authority, that in order for a homestead to be established on several parcels, said parcels must be contiguous.

The Alabama statute exempts from execution the homestead of any resident of the state that does not exceed 160 acres of land and which, with its appurtenances, does not exceed in value the sum of $2,000, provided that the homestead has been occupied as such by the owner. Construing this statute, the Supreme Court of Alabama said in the case of *Dicus* v. *Halls,* 83 Ala. 159, 3 So. 239:

". . . There is no other qualification, except that it shall not be 'in any city, town, or village.' A different provision is made for the residents of cities, towns, and villages. This is the first time this question has come before us. In *Perkins* v. *Quigley,* 62 Mo. 498, speaking of their statute, it was said: 'The only restrictions concerning homesteads in the statute relate to the quantity and value of the land, and the parcels of land composing it need not be contiguous, provided they are used in connection with each other.' So, in *Buxton* v. *Dearborn,* 46 N. H. 43, the ruling was that 'a small piece of land, on which hay is cut for a cow kept at a house

where a man lives, may be regarded as part of his homestead, though the land is separated from the house, and a mile distant, provided the house and land together do not exceed five hundred dollars in value, and the land is used in connection with the house to furnish food for the cow.' (Citations)

"The testimony shows that the land in controversy was occupied and cultivated in common with the tract on which the appellant resided, and that the two lots were a common source of family support. On this testimony, unrebutted, it was part of the homestead."

In the case of *Donaldson* v. *Richart,* 60 S. W. 405, 406, the Court of Appeals of Kentucky expressed itself as follows:

"Does the fact that the larger tract of land fails to adjoin the tract on which the residence was situated preclude appellant from having any part thereof allotted to him in making up a homestead not exceeding in value $1,000? The language of the statute is, viz.; 'That there shall be exempt from sale under execution . . . so much land, including the dwelling house and appurtenances, owned by debtors, who are actually bona fide housekeepers with a family, resident in this commonwealth, as shall not exceed in value $1,000.00'. In construing this language in the case of *Nickols* v. *Sennett,* 5 Ky. Law Rep. 199, this court, through Chief Justice Hargis, said: 'This language does not require that the land shall all be in the same parcel or body, nor does it declare that the dwelling house shall be located on the land to be exempted; but it provides that the dwelling house and appurtenances shall be owned by the debtor, and included in the exemption. We know of no reason which would authorize such a construction of the statute as would deprive a bona fide housekeeper of his homestead in any land adjoining or adjacent to the parcel on which the dwelling house may be situated, provided all of the land, including the dwelling house and appurtenances, did not exceed in value $1,000, and the land is capable of continuous and necessary use as a part of the homestead by the reasonable exertions of the homestead claimants.' In that case it appeared that both parcels of land were necessary to appellant's use as a homestead, but that they were separated by a strip of land owned by his mother. The evidence in this case shows that appellant has used and cultivated the land in question for the support of his family ever since its acquisition; and we are of the opinion that the fact that it was not contiguous to the dwelling-house tract does not deprive him, under the statute, of the right to have the deficiency

in value of the piece on which the dwelling house is located supplemented by enough of the larger tract to make a homestead of $1,000 in value.''

In the case of *Haggard* v. *Haggard*, 233 S. W. 18, the Supreme Court of Missouri, interpreting the statute of said state, declared that it is not necessary that the lands be contiguous or physically connected so long as they be used in connection with the dwelling of the claimant and its appurtenances. The Missouri statute provides that the homestead shall consist of the dwelling, its appurtenances, and the land used in connection therewith.

From the opinion rendered by the court in that case we copy the following extract:

''It is noticeable that this does not require the lands to be contiguous or physically connected. It only requires that they be used in connection with the dwelling house and its appurtenances.

''It will be seen that care was used by the Legislature to avoid the use of any language indicating contiguity. In all cases their connection with the homestead was made to depend upon the use to which the different portions of the lands were devoted by the owner, and in case of the country homestead it was necessary to the reasonable accomplishment of the legislative object that the use should control. There is no evidence in the legislative words that the landowner must, to obtain the benefit of the act, assemble his lands upon the same side of the public road upon which his residence is situated, or that he might not put a stretch of the road between his residence and the land that he worked. Those of us who have been born and raised upon farms are accustomed to the spectacle of the farmer driving or walking such distances as are described in this evidence to his work.

''The language we have quoted came directly before this court for construction as early as the May Term, 1876, in *Perkins* v. *Quigley*, 62 Mo. 498. Judge Napton in his opinion said:

'' 'Contiguity does not seem to enter into our statutory definition. A housekeeper or head of a family may, under our law, own 40 acres in one place, and cultivate 40 more in another by himself, his children, or servants or tenants. It frequently happens that a prairie farm is dependent upon a piece of woodland several miles distant, and both may constitute the homestead; or the owner of a

piece of ground on a bluff, where there is a convenient spring and timber, may cultivate a farm in the valley totally separated from the place of residence by any conceivable distances that would not render the one incapable of being used in connection with the other. The only restrictions named in the act are the quantity of land and its value. The whole cannot exceed 160 acres, and must not be worth more than $1,500.' ''

In the case of *Farmer* v. *Hampton,* 154 Ky. 83, 156 S. W 1041, it was held that it made no difference that a parcel claimed as part of the homestead was not contiguous to the dwelling of the claimant, or that the claimant did not live on it, if, as a matter of fact, it was used and cultivated in connection with the homestead and it did not exceed the value of $1,000, which is the amount fixed by the statute.

In the case of *Hastie* v. *Kelley,* 57 Vt. 293, the court said:

"We believe that under the homestead act, as now in force since the compilation of 1863, the exemption up to $500 may be applied in part to a parcel of land separated from the plot on which the dwelling exists, when said parcel is kept by the householder as a part of the homestead and is used in connection with the same, and when the parcel, with buildings, is worth less than $500." (Retranslation).

Section 1 of our Homestead Law reads as follows:

"That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence, and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or execution, except for the taxes due thereon, or purchase price of said property, or liability incurred for the improvements placed thereon, and except as hereinafter prescribed; *Provided,* That in the case of a a lease or other similar contract nothing herein contained shall be construed to prohibit the landlord or owner of the said farm, plantation or lot of land and the buildings thereon from reentering the said premises in accordance with the terms of the said lease and contract upon a breach of the conditions thereof."

The foregoing enactment is subject to the same interpretation that has been given to the statutes construed in the decisions above cited. We see no difference whatsoever between said statutes and ours in respect to the contiguity of land to be used for establishing a homestead. Said statutes limit themselves to defining, more or less precisely, what constitutes a homestead without saying anything about contiguity of the land or as to whether the homestead may be established on more than one parcel. However, the courts have interpreted these statutes liberally, and without restrictions that might defeat their aims and purposes. It is obvious that we are referring to statutes which do not specifically authorize the establishment of homesteads on more than one parcel of land. We have already said that in some states the law in terms provides that a homestead may be established on different parcels of land.

The decisions which hold that contiguity is necessary also offer arguments worthy of consideration, but, keeping in mind that homestead statutes must be interpreted with all possible liberality in order to effectuate their purpose, we are of the opinion that we should follow the doctrine adopted by the majority of the courts which does not require that the parcels be contiguous in order that a homestead may be established on them.

In the instant case the plaintiff claims the three parcels of land which, according to his testimony, constitute a single property. He testified that his family is dependent upon him for support, and that he supports said family with what the farm produces. The parcels are very close to each other and two of them are cultivated by the plaintiff together with his brother-in-law and son-in-law, who compensate him with a share of the products raised thereon. We are of opinion that the evidence presented clearly shows that the plaintiff has established his homestead on the three parcels of land described in the complaint.

We have examined the special defense set up by the defendant, wherein apparently the plea of *res judicata* is relied on, and we cannot see that said plea is supported by the evidence which has been brought before this court as a part of the statement of the case. We know from the said statement of the case that Ricardo Pérez Irizarry brought an action of debt against Miguel García Irizarry in which he obtained a favorable judgment. After reciting the facts alleged by Ricardo Pérez in said action, and after stating that a judgment was rendered in his favor, the statement of the case goes on to say:

"After the above judgment had been rendered, the defendant, on November 23, 1928, filed a motion praying that the court declare the above-described parcels, alleged by the defendant to constitute a single property because, while not contiguous, they supplemented one another, as the homestead of the defendant, and therefore exempt from execution. This motion was opposed by the plaintiff, Ricardo Pérez Irizarry, and it was denied by the Municipal Court of Mayagüez by an order entered on December 5, 1928."

The above-quoted paragraph shows that a motion was filed requesting that the plaintiff's parcels of land be exempted from execution on the ground that they constituted his homestead, and that said motion was denied by the Municipal Court of Mayagüez. Assuming, without deciding, that the alleged special defense has the scope attributed to it by the defendant, we do not know if the question raised was decided on its merits or if the court merely dismissed the petition of the plaintiff, Miguel García Irizarry, without going into the merits thereof.

The judgment appealed from must be reversed and another rendered instead declaring that the plaintiff has a homestead right in the parcels of land described in the complaint and that said parcels are exempt from execution, without costs.