Hon. JAMES BARRETT,  
Hon. BENJAMIN H. STEELE, } Assistant Judges.  
Hon. JOHN PROUT,

---

G. G. BLAISDELL, *Administrator of* JOHN M. BLAISDELL, *v.* BEN-
JAMIN S. BOWERS AND OTHERS.

*Mortgage. Foreclosure. Petition. Answer. Chancery. Trustee.
Costs.*

Section 24 of chapter 36 of the General Statutes, providing that parties shall not
testify in their own behalf in certain cases, does not apply to an answer to a bill
or petition in chancery, but the answer, when responsive, is evidence, and is not
affected by said statute.

The right of a defendant in a bill or petition in chancery to have his answer
thereto taken in evidence is coextensive with his obligation to answer.

There is no distinction between a petition, under the statute, to foreclose a mort-
gage, and a formal bill in chancery for the same purpose.

Blaisdell, Adm'r, *v.* Bowers et al.

The petitioner in this case states that certain indorsements have been made on the notes in question, and charges that "the balance of said notes is justly due and owing, and has not been paid." The answer alleges several other payments by way of certain notes which the defendant holds against the petitioner, and sets forth the circumstances under which they were given, &c. *Held,* that the answer is responsive to the petition.

A mortgagor, who has been adjudged chargeable as trustee on the mortgage notes, in a suit against the mortgagee as principal defendant, and himself as trustee, is entitled to deduct his costs in such suit from the amount due on said notes.

This was a petition to foreclose a mortgage executed by the defendant, Bowers, to one George P. Conger, on the 3d day of January, 1848. Said defendant, in his answer, admits the execution of said mortgage and the notes therein described, and alleges that while said Conger owned said notes and mortgage two trustee suits were commenced against the said Conger, and this defendant as his trustee, in both of which judgments were obtained by the plaintiffs; and this defendant was adjudged chargeable as trustee in both of said suits, on said notes, as per his disclosure. One of said suits was in favor of Clark, Fisk & Co., in which the defendants' cost was taxed and allowed at $4.60, and the other was in favor of this petitioner, the said J. M. Blaisdell, in which the defendants' cost was taxed and allowed at $30.96; that after he was adjudged trustee of said Conger, in said suit, in favor of the petitioner, he paid the petitioner $260.78, and also the further sum of $50. to apply on said judgment against him as trustee, for which he holds the receipts of the petitioner; that prior to said judgment the petitioner gave his note for $20. for money lent, upon which there is a balance due said defendant, and which the plaintiff agreed to apply on said judgment; that the petitioner, after said payments were made, applied to this defendant for $10., and not knowing whether there was anything more then due on said judgments, he let the petitioner have $10. and took his note therefor, with the agreement that if, upon final settlement, there was anything due the petitioner on said judgment, said note was to be applied, otherwise it was to be a valid claim against the petitioner; that subsequently the petitioner applied to this defendant for the further sum of $50., and the defendant, having become satisfied that there was that amount due the petitioner on said judgment, but not

having the money on hand, signed a note for that sum to one Gates, as surety for petitioner, with the agreement that this defendant should pay said note, and the amount paid thereon should be applied on said judgment, and that this defendant paid and took up said note. The answer was traversed and testimony was taken.

The petitioner, J. M. Blaisdell, deceased after the commencement of this suit.

The court of chancery, at the September Term, 1867, WILSON, Chancellor, made a decree allowing all payments made and the costs in the said trustee suits, but disallowing the $10. and $20. notes, and the $50. note paid to Gates, from which the defendants appealed.

*Burt & Hall,* for the defendants.

*M. Buck,* for the orator.

The opinion of the court was delivered by

PROUT, J. This is a petition, under the statute, praying a foreclosure of the mortgage therein described The case comes into this court upon appeal taken by the defendants to the decree of the Chancellor, disallowing certain payments claimed to have been made by the defendant, Bowers, to the intestate, Jona. M. Blaisdell, upon the mortgage notes in question. The appeal opens the case as to all the claims the defendants, or either of them, set up in their answers which it is claimed should apply upon the mortgage demand, and the question stands upon the allegations of the petition, answers and proofs, taken and filed in the case. The cause is prosecuted by, and in the name of, the administrator of Jona. M. Blaisdell, who, we infer from the papers, deceased since the commencement of this proceeding, and the filing of the defendants' answers. If we are correct in this, and we have no means of ascertaining except from the papers submitted, it disposes of the objection of the petitioner, that the answer of the defendant, Bowers, should not have any effect as evidence, even if responsive. But if we are mistaken in this particular, and the case were in the exact predicament in which the defendant, Bowers, could not be examined as a witness, yet, as a

Blaisdell, Adm'r, v. Bowers et al.

*party*, called upon and required by the petitioner to answer upon oath, the same effect should be given it, as an answer, which it would and is entitled to have, were the intestate, Jona. M. Blaisdell, living. The Statute, ch. 36, § 24, was not intended to deprive a defendant of the benefit of an answer in a proceeding of this nature, which cannot be distinguished for this purpose from an ordinary chancery proceeding, based upon a formal bill calling upon a defendant to answer specifically and fully all material matters, relating to the subject of judicial inquiry, and which may be in controversy. Practically, and in fact, there is a plain distinction, which has always been regarded and understood, between the answer of a defendant and his evidence as a witness. With reference to statements and facts contained in an answer to the bill, the distinction is clear and well defined. When responsive, they are evidence ; when not, although material, they must be proved independent of the answer. The statute applies to *witnesses*, and in terms does not apply to a party answering or entitled to answer a petition or bill in chancery ; and we are not disposed by construction to extend it beyond its apparent object and import. That act did not have its origin in any supposed evil or mischief growing out of the practice in this respect, which has been long settled, and is peculiar to proceedings in chancery, and is unaffected by the fact that the party answering is interested, or the other party to the contract involved, and upon which relief is sought, is dead. But the petitioner insists that the answer of the defendant, Bowers, with respect to the several claims he sets up in his answer, and which he contends should apply upon the mortgage demand, and which are specifically described in the several exhibits filed in the case, is not responsive to the claims, allegations and statements of the petition, and is not entitled, of itself, to any effect as evidence. As already intimated, in disposing of the cases, we can make no distinction between a petitioner under the statute to forclose a mortgage, and a formal bill preferred for the same purpose and to the same intent. There is none. They are identical in purpose and effect, preferred to the same tribunal, and the proceedings thereon are substantially alike, resulting in a decree upon answer and proofs. And upon the question there is no doubt about the rule, if the

answer is responsive it is evidence, otherwise not, and in this all the cases harmonize and agree. In this case, the petitioner concisely and briefly, as the statute permits, alleges the execution of the notes and mortgage, by the defendant, Bowers; that there has been made certain endorsements upon the mortgage notes, and charges " that the balance of said notes is justly due and owing, and has not been paid according to the effect of the same." The answer meets this allegation of the petition, averring several other payments to apply on the mortgage demand, which are particularly referred to in the defendants' exhibits filed in the case, and being the amount of the notes therein referred to, and sets forth the circumstances under which, and the understanding upon which, they were given, and with the view of their ultimate application, *pro tanto*, to the mortgage the petitioner seeks· to enforce. The answer, it would seem, is responsive to this allegation of the petition, and if the party answering, as in this case, answers how and when the payments were made, and upon what understanding, it is also responsive as to these facts and circumstances, as well as to the fact of payment, and is to have effect as such. *Grafton Bank* v. *Doe et al*, 19 Vt. 463. An answer merely setting up payment, without any statement of circumstances showing how and when made, would, upon principle, be deemed insufficient and subject to exception, and if taken the party would be required to answer further, as it should be full as to all material facts and circumstances. In other words, all the material statements and charges contained in the petition should be answered, and to the same extent that would be required if interrogatories legitimately founded thereon had been put, and the right of the defendants to have the answer taken as evidence is co-extensive with his obligation to answer. *Hepburn* v. *Durand*, 1 Brown, 503 ; *Mountford* v. *Taylor*, 6 Ves. 707 ; *Woods* v. *Morrell*, 1 John. Ch. R. 103.

Notwithstanding we hold the answer responsive in the particular referred to, we are led to an examination of the question of payment upon the. proof, relating to the claims specified in the defendants' exhibits B, C, D and E, which stand upon ground peculiar to those claims, and in no way connected with the claim for the bills of costs in the two trustee suits referred to in the answer of the

defendant Bowers. The notes and mortgage, which the petitioner seeks to foreclose by this proceeding, were executed and delivered by the defendant, Bowers, on the day of their date, to one George P. Conger. While held by said Conger, Jonathan M. Blaisdell, the intestate, on the 19th day of March, A. D. 1850, commenced a trustee suit against Bowers as the trustee of said Conger, the mortgagee, made returnable to the April Term, A. D. 1850, of the Franklin county court, and, at the September adjourned Term of that court, the plaintiff therein recovered a judgment against Conger for the amount of five hundred and nineteen dollars and thirty cents damages and costs, and Bowers, the defendant, was adjuged chargeable as his trustee in that suit, on account of, and with respect to, the petitioner's mortgage notes for the amount appearing to be due from his disclosure made and filed in the case, and which is contained in, and made a part of the exemplification of the record of that cause. While thus liable upon the judgment rendered against him in that cause, as the trustee of Conger, and on the 6th of November, 1855, he paid the intestate, Blaisdell, the sum of fifty dollars to apply on that judgment, and this is evidenced and proved by the receipt of the intestate filed with the proofs in the case. Upon these facts we have no doubt, but that that amount, and as of that date, should apply upon the mortgage demand, as claimed by the defendant.

With respect to the defendant's claim, that the three notes should apply, we are unable to distinguish the note payable to Gates from the notes payable to the defendant, Bowers. Their genuineness is proved by the evidence in the case, and it is not pretended that they have ever been paid; nor is it disputed but that the Gates' note is the property of Bowers, as well as the others. In relation to these notes, it appears from the evidence of Theodore W. Smith, a witness examined by the defendants, whose evidence was taken in October, 1867, that several years prior to that time, the intestate and the defendant, Bowers, applied to the witness to make a computation with a view of ascertaining the amount due on the mortgage notes in question, which it appears from the papers had been, together with the mortgage, transferred to the intestate by Conger, and that on that occasion the defendant, Bowers, produced one or more notes and

several papers or evidences of claims, which the witness thinks were receipts, with a bill of costs, which Blaisdell, the intestate, then admitted to be correct, and were to apply on his mortgage claim, and in payment to the extent of their respective amounts.   In view of these undisputed facts, and the circumstances existing, we cannot resist the belief, that the claims then produced were the notes and claims in dispute here, and that at that time they were held by the defendant, Bowers, upon an existing understanding that they should then or thereafter be applied on the mortgage notes described in the petitioner's petition.   We learn of the existence of no other claims about which any question arose, or that any claims in favor of Bowers against the intestate had been adjusted or otherwise paid, and it is not probable that Bowers, indebted as he was to the intestate, would seek to satisfy them in any other way than by applying them on the petitioner's mortgage notes.   That the intestate should agree, as the evidence tends to show he did, to satisfy them in that way, is consistent, and what might naturally be expected.   Finding, then, that such was the understanding, and that Bowers relied upon it, it would be grossly unjust, after acting upon it, and holding them merely for the purpose of applying them to the mortgage demand, to refuse to do so, as the parties then intended and agreed.   The item referred to in exhibit A, is conceded to be correct, and no question is made with respect to its application as claimed in the answer.   As to the defendant's claim, that the bills of costs in the two trustee suits should be deducted or allowed them in ascertaining the amount due on the mortgage, their right in this respect depends upon the provisions of the statute in force when the judgments in these suits were rendered.   It was with respect to, and in relation to, this mortgage debt, that the defendant, Bowers, was adjudged chargeable as trustee of Conger in the suit in favor of the intestate, as well as in the suit in favor of Clark, Fisk & Co. against Conger, the mortgagee.   Both of these judgments were rendered before the mortgage and notes in question in this case were transferred to the intestate, and upon a disclosure made and filed in both cases.   The statute (Rev. Stat., ch. 29, § 41) in force at that time, and applicable to and governing the question, provides—" that if any person who appears and makes disclosure,

and shall be adjudged trustee, his costs and charges shall be deducted and retained out of the goods, effects and credits in his hands." This was the only provision enabling the trustee to obtain his costs in those suits. He was not entitled to execution therefor, but had the right, and his only remedy was, to deduct the amount from the credits·in his hands. The statute giving him that right, the amount of his costs in those suits should be deducted from the mortgage notes. The transfer of the mortgage and notes to the intestate, Blaisdell, was subject to this claim of the defendant, Bowers.

The result upon these views is, that the decree of the Chancellor be reversed, and the cause be remanded to the court of Chancery, with directions to ascertain the amount due on the mortgage of petitioner, deducting the several claims specified in the defendant's exhibits A, B, C, D, and E, and the bills of costs of the defendant, Bowers, in the suits referred to as trustee of said Conger.