JOSEPH PECARD AND FRED A. JEFFRES v. PETER HOME & COMPANY.

*Garnishment—Claim by third person—Judgment.*

1. A money judgment cannot be rendered against a claimant cited in under Act No. 175, Laws of 1885 (3 How. Stat. § 8057a)[1], to defend his claim to the money, property, or indebtedness due from or in the possession of a garnishee defendant.

2. The purpose of Act No. 175, Laws of 1885, which provides that when a garnishee in justice's court shall disclose that another than the defendant, giving his name and residence, claims the whole or a portion of the money, property, or indebtedness due from the garnishee or in his possession, the garnishee may deliver the money, property, or indebtedness to the justice, who shall serve a notice on the claimant to appear and maintain his claim, and that thereafter the claimant shall be substituted as defendant instead of the garnishee, who, on making such payment, shall be discharged from liability, and that on the trial of the issue framed between the plaintiff and the claimant such judgment shall be rendered as shall be just,—is that the claimant shall be brought before the court, so that in whatever judgment may be rendered against the principal defendant, or in the application of the money paid to the justice in extinguishment of the claim against the principal defendant, such claimant shall be concluded.

Error to Gogebic.  (Haire, J.)  Argued March 11, 1892. Decided April 8, 1892.

---

[1] For other cases construing this act, see *Kennedy v. McLellan,* 76 Mich. 598; *Bank v. Burch,* Id. 608; *Winne v. Circuit Judge,* 74 Id. 329; *Stove Co. v. Circuit Judge,* 85 Id. 40v.

Garnishment proceedings. Defendant brings error from a money judgment entered against it as a claimant summoned under Act No. 175, Laws of 1885. The facts are stated in the opinion.

*Button & Norris*, for appellant.

*Thomas B. Wilson* (*M. M. Riley*, of counsel), for plaintiffs.

MONTGOMERY, J. On the 21st day of February, 1890, the plaintiffs brought an action before James George, justice of the peace, against James Eslick, and on the 28th of February, 1890, recovered a judgment of $23.36 and $5 costs. On the 3d of February, 1891, an affidavit was filed and garnishee summons issued against the Federal Iron Mining Company, the affidavit stating on information and belief that the mining company was indebted to the defendant Eslick. This garnishee summons was returnable on the 12th day of February, 1891, and on that day the mining company appeared by R. Stepan, "captain" of the above named garnishee defendant, and disclosed that said James Eslick had earned up to the day of garnishment $46, "which-amount is not due until February 25, 1891, and that there is an assignment in against all moneys due him, the assignee being Peter Home & Co., of the city of Bessemer, Gogebic county, State of Michigan. Said assignment bears date August 18, 1890." On this disclosure being filed, the justice issued a citation to Peter Home & Co., stating the fact of the institution of the garnishee suit, and that the company had answered, in substance, that it was indebted to the principal defendant in the sum of $46, and that the same would not be due and payable until the 25th of February, 1891, and had also stated that said Peter Home & Co. claimed to be entitled to receive the whole amount above stated by virtue of an assignment thereof

by the said James Eslick; and notifying said Peter Home & Co. to appear before the said justice on the 28th of February, at 9 o'clock in the forenoon, to maintain its claim to the whole or any portion of the indebtedness. On the 28th of February the parties appeared at the hour named, and by consent the cause was continued until 2 o'clock of the same day. At the appearance at 2 o'clock the defendant, by C. F. Button, its attorney, moved that no evidence be received:

1. Because no money or property was placed in the hands of the court by the garnishee defendant at the time of disclosure, or at any time; and claiming that, unless that was done, the court had no jurisdiction to summon any claimant under Act No. 175, Laws of 1885.

2. Because the answer of the garnishee, as filed, shows that the indebtedness, if any, was not due at the time the summons to claimant was issued and served; and under How. Stat. § 8053, when such is the case, the proceedings are held in abeyance until the debt becomes due.

This motion was overruled by the court. The defendant demanded a jury trial, which was subsequently had, and the finding of the jury was as follows:

"We, the jury, all agree that the assignment of James S. Eslick to Peter Home & Co. is void. Date of assignment, August 18, 1890."

The case was appealed to the circuit, and on the trial at the circuit the plaintiffs, to maintain the issue, introduced the judgment before the justice against Eslick, the affidavit in garnishment, the writ of garnishment, the disclosure, the return of the justice to the appeal, and rested their case. The defendant introduced no testimony, and under the charge of the court the jury found a verdict in favor of the plaintiffs and against Peter Home & Co. for the amount of the judgment and costs.

The questions raised by appropriate objections are:

1. Whether the summons was served upon an officer of the garnishee defendant authorized by law to be served with such process.

2. Whether the proceedings against the garnishee are valid, it appearing that the summons against this claimant was issued and served 13 days prior to the time when the money became due from the original garnishee defendant.

3. Whether the proceedings against this claimant could be maintained, it not appearing that the garnishee defendant had deposited the money owing to the principal defendant or assignee with the justice.

4. It appearing that the justice's judgment was not signed, whether it could be treated as of any validity.

5. Whether, under the statute in question, the plaintiffs were entitled to recover a money judgment against the claimant to the amount of his judgment in the principal suit; or whether, on the other hand, the extent to which the court could go would be to permit a finding which would conclude the claimant.

The statute under which this proceeding against this claimant is taken is section 28 of the amendatory act relating to garnishments, being Act No. 175, Laws of 1885, and provides that when the examination or disclosure of the garnishee shall disclose that any other person or corporation than the defendant claims in whole or in part the money, property, or indebtedness due by him or in his possession, and the name and residence of such claimant, the garnishee may deliver such money, property, or indebtedness to the justice, who shall cause to be served on such claimant a written notice to appear in said court, and maintain his claim. It further provides that the notice shall be served at least 10 days before the return or adjourned day of the garnishment suit; that for the purpose of giving an opportunity of serving notice it shall be the duty of the justice, on the return-day of the garnishment suit, if requested by the garnishee, to adjourn such suit not less than 10 nor

more than 30 days. It is further provided that after the
service of such notice, and the payment or delivery to
the justice of the money, property, or indebtedness as
above provided, the garnishee shall be discharged from
all liability to any person in respect to the money or
property so paid or delivered. It is then provided that
the claimant shall appear in the suit on the return or
adjourned day named in the notice served upon him as
aforesaid, and, in default thereof, judgment shall be
rendered against him "in respect to his claim." The
defendant or defendants so notified shall be considered
as defendants in the place and stead of the garnishee,
and an issue may be formed between the plaintiff and
such defendants in the same manner as provided in How.
Stat. § 8040. The issue may be tried by the justice or
by a jury, as in other cases, and "such judgment shall
be rendered between the parties as shall be just," and
such substituted defendant or claimant shall have the
same right to appeal as the original garnishee.

The provision quoted makes it clear that a fundamental
error was committed in permitting a recovery of a money
judgment against the claimant. The purpose of this
statute is evident from a reading of its provisions. It
is that the claimant shall be brought before the court,
so that in whatever judgment may be rendered against
the principal defendant, or in the application of the
money which shall be paid into the hands of the justice
to the extinguishment of the claim against the principal
defendant, the claimant of the fund thus cited in shall
be concluded. No such absurdity was contemplated as
that by the bare fact that one not a party to the record
claims to be an assignee of the indebtedness owing by
the garnishee defendant he shall not only be concluded
from recovering this fund of the garnishee defendant,

but shall also be answerable to the proper plaintiff for a fund not in his hands, and to which the logical result of the proceedings shows he is not even entitled.

It appears that no proceedings were taken against the garnishee after the disclosure. It becomes unnecessary to decide, therefore, whether the payment of the money into the hands of the justice is a condition precedent to the proceedings against the claimant. If not, certainly the garnishee defendant must be proceeded against, and the judgment, if any, must be recovered against him. If it be assumed that the claimant has waived any irregularity in the proceedings, the only effect of such waiver is to give the court authority to render such a judgment as is contemplated under the act above cited. This course was not pursued, and, the plaintiffs having failed to take any proper steps to charge the garnishee defendant, no binding judgment can be rendered.

It follows that the judgment should be reversed, with costs of both courts, and no new trial ordered.

The other Justices concurred.