STONE *v.* DOWLING.

1. GARNISHMENT—INDEBTEDNESS—UNACCEPTED ORDER.
    The drawee in an order for money is not indebted to the payee, so as to render the amount liable to garnishment by the latter's creditors, before a written acceptance of the order.

2. SAME—PARTNERSHIP CREDIT.
    A demand due to a partnership cannot be garnished in a suit against one partner alone.

3. SAME—PROCEEDINGS IN JUSTICE'S COURT—CLAIMANT'S NOTICE.
    Under 3 How. Stat. § 8057a, providing that, in garnishment in justice's court, when the garnishee discloses that a person other than defendant claims the fund, "the garnishee may deliver such money * * * to the justice, who shall cause to be served on such claimant a written notice," and that "after the service of such notice, and the payment * * * to the justice of the money, * * * the garnishee shall be discharged from all liability * * * in respect to the money * * * so paid," the payment of the money to the justice is a condition precedent to his right to issue the claimant's notice.

4. SAME—NOTICE TO PARTNERSHIP.
    Where the fund is claimed by a partnership, service of the claimant's notice on one of the partners only is insufficient.

Appeal from Wayne; Lillibridge, J. Submitted January 26, 1899. Decided March 6, 1899.

Bill by Richard Stone and Ransom E. Hall against Thomas W. Dowling, George S. Trevor, and Samuel Ellsworth, to enforce a mechanic's lien. From a decree for complainants, defendant Trevor appeals. Affirmed.

*Henry B. Graves*, for complainants.

*Trevor & Trevor*, for appellant.

LONG, J. This bill is filed to enforce a mechanic's lien for labor and materials furnished in painting a house in course of construction by defendant Dowling, as contractor for defendant Trevor, the owner of the property. Complainants were subcontractors under Dowling. Defendant Ellsworth was another lien claimant, whose claim is settled, and is out of the case. Complainants were partners, and agreed with Dowling, the contractor, to paint the house for $30. They did so, both working on the job. They were never paid, but Stone was given an order for $30 on Walter M. Trevor, the agent of defendant Trevor. The order was never accepted in writing, and has never been paid. Instead of paying the order, a suit was instituted before a justice of the peace by the firm of Trevor & Trevor (not defendant Trevor) upon a claim held by them for collection against Stone alone, and Walter M. Trevor was garnished in that action. After judgment against Stone in that action, a judgment was rendered against Trevor as garnishee. Complainants ignored these garnishment proceedings, filed their bill to enforce the lien, and, in the court below, recovered a decree for the amount of their claim. From this decree, the defendant Trevor appeals.

Ownership of the property, and the requisite steps to file and enforce a lien, are admitted. The partnership between Stone and Hall is not denied, but is fully proved. The claim of lien filed avers a partnership, and the ownership of the debt by the partnership. The bill is filed by the complainants as partners, and both were sworn on the trial as witnesses. It was shown that the debt due them

was a joint one, due them as partners. The defense is that the garnishment proceedings held the fund as moneys belonging to Stone, for the reason that Dowling had given Stone an order on Trevor for the money; but, as has been seen, the order was never accepted in writing by Trevor. He therefore never became indebted to Stone. *Upham* v. *Clute*, 105 Mich. 350. But, aside from this, a demand due to Stone and Hall jointly could not be garnished in a suit against Stone alone. *Kennedy* v. *McLellan*, 76 Mich. 598.

It is the contention, however, of counsel for defendant Trevor, that, in the suit in justice's court, Trevor was served with summons in garnishment, and made disclosure on December 10, 1897, that $30 was due Stone on an order which he had, and that the same was claimed by Stone and Hall; that on the same day, December 10th, the justice caused a claimant's notice to be issued to Stone and Hall, and the same was served on Stone, and was made returnable December 31st; that defendant Trevor proceeded in justice's court under section 8057a, 3 How. Stat., and made his disclosure, setting up all the facts as above stated. The above statute provides that:

"The garnishee may deliver such money  *  *  *  to the justice, who shall cause to be served on such claimant a written notice.  *  *  *  After the service of such notice, and the payment or delivery to the justice of the money,  *  *  *  as above provided, the garnishee shall be discharged from all liability to any person in respect to the money  *  *  *  so paid or delivered."

It is the claim of counsel that defendant Trevor had the right to rely upon this statute; and, if the complainants questioned the validity of the statute or the garnishable nature of the fund, their remedy was in raising the question in justice's court; and not having done that, and that judgment not having been appealed from, it remains final, and as to this fund it is *res adjudicata*.

It is also claimed by counsel for the defendant that the complainants appeared in the justice's court in said action.

This is denied; and, from the return made by the justice, we think it is clear that they did not appear, but, under the advice of counsel, properly remained away from the justice's court.

We think the judgment in the justice's court against the garnishee cannot be upheld. The proceedings after disclosure are wholly invalid. The claimant's notice was issued December 10th, and served and returned before the garnishee paid any money into court. Section 8057*a*, 3 How. Stat., requires the delivery of the money to the justice as a condition precedent to the issue of the claimant's notice. This is necessary, as no money judgment can be rendered against the claimant. *Pecard* v. *Home*, 91 Mich. 346.

But, aside from this, there was never any service of notice on Hall. His rights to the fund could not be cut off by a suit against Stone and service of claimant's notice on Stone alone.

As we have found that the complainants did not appear in justice's court, the judgment of the justice cannot be held to be *res adjudicata*.

The decree must be affirmed, with costs.

The other Justices concurred.