## BRYANT *v.* WILCOX.

1. GARNISHMENT—PAYMENT INTO COURT—EFFECT OF JUDGMENT.
A garnishee defendant who has disclosed that B. claims the fund, vouched him in, paid the fund into court, and been discharged, as provided by the statute (1 Comp. Laws, § 1017), may plead the judgment thereafter rendered in bar of any further proceedings against him on the part of B., though he prompted the creditors to bring the garnishment proceedings, and prior thereto B. had brought trover against him for the fund.

2. FRAUD—REMEDY—PARTIES IN PARI DELICTO.
One who has placed money in the hands of another for the purpose of perpetrating a fraud on the creditors of a third person will not be assisted by the law to recover it.

Error to Hillsdale; Lockwood, J., presiding. Submitted June 16, 1904. (Docket No. 22.) Decided October 4, 1904.

Trover by Ira N. Bryant against Amos Wilcox. There was judgment for plaintiff for less than the amount claimed, and both parties bring error. Reversed.

*Frankhauser & Cornell*, for plaintiff.

*F. A. Lyon*, for defendant.

MONTGOMERY, J. One Ozon M. Keith was, in October, 1901, indebted to different parties in the sum of about $400. Keith, to secure the defendant for an indorsement of a note of $81, gave a chattel mortgage, which the testimony tends to show was given with the purpose of defeating Keith's creditors. The mortgage purported to secure an indebtedness of $500. One of Keith's creditors sued out an execution against Keith's property. Defendant, Wilcox, claimed to such creditor that he held a mortgage of $500, but notwithstanding this claim, and in defiance of it,

the creditor levied. Keith thereupon requested defendant to bring replevin, but it appears that defendant declined to assert in court the validity of the mortgage for its full amount. The plaintiff was then called in, and it was arranged that the mortgage should be assigned to him, and that he should interpose between Keith and his creditors. Some claim is made that the assignment was also to secure plaintiff for his indorsement of a note of $250, given by Keith and secured by a mortgage to the Thompson Savings Bank; but at all events the testimony tends to show a purpose of asserting the mortgage as against the intervening creditor's lien and for its full face. The testimony further tends to show that for the purpose of making it appear to the levying creditor that the mortgage really secured $500, the plaintiff gave to the defendant his check for $500, which defendant was expected to exhibit to Coggswell, Keith's creditor, to convince him of the bona fides of the mortgage, or, at the option of the defendant, he was to draw the money on the check, and exhibit that to Coggswell. It was agreed that after this use of the check, either that or the money should not remain with defendant. Plaintiff claims it was to be returned to him. Defendant claims it was to be paid over to Keith. Upon this question the jury found with plaintiff. The defendant did not return either the check or money. Plaintiff brought this suit in trover to cover the amount of the check.

After suit was brought, two of Keith's creditors instituted garnishee proceedings to reach the fund. Defendant disclosed, showing that plaintiff was a claimant. Plaintiff was cited to appear and make good his claim, under section 1017, 1 Comp. Laws, but failed to appear. Judgment went against the defendant in the garnishment proceedings for amounts aggregating nearly $400. Defendant was permitted to plead such proceedings in bar. The circuit judge held that the garnishment proceedings were a bar pro tanto, and submitted to the jury the question whether the defendant agreed to return the

check or money to plaintiff, with instructions that if he did, the plaintiff was entitled to recover the balance. Both parties bring error.

The plaintiff contends that the garnishment proceedings constitute no bar. The defendant asserts the bar of the garnishment proceedings, and further contends that the plaintiff is not entitled to recover any sum whatever, on the ground that the transaction was against public policy, and the law will leave the parties where it finds them.

1 Comp. Laws, § 1017, provides that when the examination or disclosure of the garnishee shall disclose that any other person or corporation than the defendant claims in whole or in part the money, property, or indebtedness due by him or in his possession, and the name and residence of such claimant, the garnishee defendant may deliver such money, property, or indebtedness to the justice, who shall cause to be served on such claimant a written notice to appear in such court and maintain such claim. The statute further provides that such deposit of money or property shall discharge the garnishee, and that from that time the case shall proceed against the claimant. The proceedings in the present case were admittedly regular. The case falls within the plain words of the statute, and the judgment is res judicata, unless some of the reasons urged against the binding force of the judgment are to prevail.

It is contended that the defendant colluded with the creditors of Keith to cause the proceedings to be instituted. This contention may have some support in the testimony, and would be of importance, but for the fact that without regard to the manner of instituting the suit, the defendant has had his day in court. The very purpose of the statute was to give to the claimant such an opportunity to try the question of his title to money or goods, and whatever may have preceded the notice to him, he was by that notice afforded the full opportunity which the statute contemplates.

But it is contended that the status of the parties was

fixed when the plaintiff elected to bring trover, and that a subsequent garnishment could not defeat the action. The institution of the trover suit did not pass the title to this money to defendant. It was still the plaintiff's. Unquestionably the defendant might have paid over the money to plaintiff in mitigation of damages in the trover suit, and we think that, as long as it remained plaintiff's property, defendant, having it in his hands, had the right to deposit it with the justice, and cause plaintiff to be vouched in under this statute.

The more comprehensive question is whether the plaintiff is in position to maintain a suit at all, under the circumstances as indicated by the testimony of defendant. We think this question must be answered in the negative. By this testimony the money was placed in defendant's hands for the sole purpose of effectuating a fraud upon the creditors of Keith. The law will leave the parties to such a transaction where it finds them, and will not, where both are equally culpable, engage itself to determine the right of the matter as between them. *Smith* v. *Hubbs*, 10 Me. 71; *Boatner* v. *Yarborough*, 12 La. Ann. 249; *Fisher* v. *Transportation Co.*, 136 Mich. 218 (98 N. W. 1012).

The judgment will be reversed, with costs of this court, and a new trial ordered.

The other Justices concurred.