## TONER v. TONER.

Garnishment—Claims by Third Persons—Judgment—Form.

> In garnishment proceedings in justice's court the garnishee disclosed that he had in his possession 375 bushels of potatoes belonging to the principal defendant which were claimed by a third person. The potatoes were delivered to the justice, the claimant was notified under the statute, and issues were framed by the filing of a declaration in trover and plea of the general issue with notice that the claimant would show that he bought the potatoes from the principal defendant prior to the commencement of the suit. On trial before the justice without a jury judgment was rendered "in favor of the plaintiff * * * and against the defendant [claimant] for the value of 375 bushels of potatoes, less warehouse charges, now in my hands," etc., and afterwards the potatoes were sold and their proceeds applied upon plaintiff's judgment against the principal defendant. *Held*, that though the language of the judgment was not apt, its intent was to find that claimant had no title to the potatoes and to provide for their disposal according to the statute, and was not invalid as being a judgment for money or property against the claimant.

Error to Oceana; Sessions, J. Submitted January 21, 1908. (Docket No. 145.) Decided March 31, 1908.

Garnishment proceedings in justice's court by Thomas Toner against Jerry Conger and C. W. Tallent, copartners as Conger & Tallent, garnishee defendants of Elijah Toner, and Jack Toner, claimant of the property. There was judgment for plaintiff, and claimant appealed to the circuit court by writ of certiorari. There was judgment dismissing the writ, and claimant brings error. Affirmed.

*F. E. Wetmore* and *A. E. Souter*, for appellant.

*A. S. Hinds*, for appellee.

It is conceded that the circuit judge clearly states the facts in this case, and we adopt his finding.

"Thomas Toner brought suit in justice's court against Elijah Toner and garnished Conger and Tallent. The garnishee defendants appeared and disclosed that they had in their possession 375 bushels of potatoes belonging to the principal defendant and set forth in their disclosure that Jack Toner claimed the property.

"The potatoes were delivered to the justice and the statutory notice was given to the claimant. He appeared and issues were framed under the statute by the filing of a declaration in trover and a plea of the general issue with notice that claimant would show on the trial of the cause that the said potatoes belonged to him by virtue of a purchase thereof from the principal defendant prior to the commencement of suit. A trial was had before the justice without a jury and a judgment rendered in favor of the plaintiff and against the claimant. The entry of such judgment upon the justice's docket is as follows:

" 'June 7th, A. D. 1907, at nine o'clock in the forenoon at my office in Shelby township. After having duly considered the evidence in said cause and the law in reference thereto, I did thereupon render judgment in favor of the plaintiff, Thomas Toner, and against the said defendant, Jack Toner, for the value of three hundred and seventy-five bushels of potatoes less the warehouse charges of two cents per bushel, now in my hands, received from the original garnishee defendants, Conger and Tallent, with costs of this suit to be paid out of said three hundred and seventy-five bushels of potatoes; which costs are hereby taxed at the sum of eight and forty one-hundredths dollars.'

"Claimant has brought the case into this court upon a writ of certiorari and in his affidavit for such writ, assigns error as follows:

" '1. That under the law and evidence in this cause no judgment for money or property could be rendered against this deponent.

" '2. That under the pleadings, record and proofs in said cause no judgment in trover could be rendered against this deponent, and no valid judgment could be rendered against this deponent, except to find that deponent was the owner of the potatoes named and mentioned in the disclosure of the garnishee defendant.

" '3. That said judgment is vague, uncertain, indefinite and void.'

"The first assignment of error is contrary to the facts,. because no personal judgment for money or property has. been rendered against claimant; the second, probably through a clerical mistake, is meaningless; and the third, not being supported by any more definite averments in the body of the affidavit, is not specific enough to entitle. it to be considered.

"Passing to a consideration of the case upon its merits, and assuming that the assignments of error are sufficient. to raise the questions involved, the contention of counsel for the plaintiff in error is that the only valid judgment which the justice could have rendered against the claimant was to find that he was not the owner of the potatoes formerly in the hands of the garnishee defendants and then in the hands of the court, and that the judgment. actually rendered and entered was not such a finding.

"This contention cannot be sustained. The issue, framed by the pleadings and tried, was whether or not. claimant had made a valid purchase of the potatoes from the principal defendant and had thus become the owner of them. If he had not, he had no interest in them and. plaintiff below was entitled to have his judgment against. the principal defendant satisfied out of them; if, on the other hand, claimant had made a valid purchase of the potatoes, plaintiff below had no interest in them. Upon the issues thus framed and tried, the justice found in favor of the plaintiff and against the claimant and expressed his finding in language usually employed in rendering judgments.

"While, in form, his judgment was for the value of the potatoes and for costs of suit, yet, by its terms, both such value and such costs were to be paid out of the property in the hands of the court and not by the claimant. No execution could have been issued upon such a judgment or levied upon claimant's property. While not expressed in apt and clear language, this judgment necessarily included a finding that claimant had not purchased. and was not the owner of the potatoes.

"It follows that the writ of certiorari must be dismissed, and the judgment affirmed with costs to the defendant in error to be taxed."

GRANT, C. J. (*after stating the facts*). We find it unnecessary to discuss the second and third assignments. of error, or to determine the correctness of the conclusion.

reached by the learned circuit judge thereon. His conclusion on the first assignment of error is sound.

*Pecard* v. *Peter Home & Co.*, 91 Mich. 346, does not control this case. There upon an appeal to the circuit court a money judgment was rendered against the claimant, and it was held that the statute did not contemplate such a judgment. The only judgment provided for is one which shall conclude the claimant from setting up any further claim to the funds or the property. The judgment in this case is not inconsistent with that decision. Here no money judgment was rendered, but only a judgment for the value of 375 bushels of potatoes. It appears that afterwards the potatoes were sold and the amount realized therefrom applied upon the plaintiff's judgment against the defendant in the principal suit. While the language of the justice is unfortunate, it is apparent that he did not intend to render a money judgment against the claimant; neither did he, for no amount was specified, but he did intend to find that the claimant had no title to the property and to provide for its disposal according to the statute. The final disposition of the property was in accordance with this finding.

Judgment affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.