KEISTER v. DONOVAN.

1. LOGS AND LOGGING — JUSTICES OF THE PEACE — LOG LIENS— ATTACHMENT.

Since statutory proceedings must be strictly followed, and a party making claims thereunder must prove that the court had jurisdiction, in garnishment proceedings, on a judgment rendered in attachment to enforce labor liens against timber products, it is necessary to make proof of the affidavit required by the statute as preliminary to the writ of attachment: a recital in the docket is not evidence that it was made. 3 Comp. Laws, § 10756, 5 How. Stat. (2d Ed.) § 13843.

2. SAME—ADJOURNMENT—DISCONTINUANCE.

By adjourning the case on his own motion at an adjourned day subsequent to the day of return, the justice of the peace lost jurisdiction of log-lien proceedings.

3. GARNISHMENT—LOG-LIEN ACT—DEBTOR AND CREDITOR.

Garnishment lies to collect a debt secured by a statutory lien upon timber products, although a judgment has been obtained under the log-lien statute.

4. SAME—DISCLOSURE—LIENS—EXEMPTION.
   Where a garnishee disclosed that indebtedness as claimed by
   plaintiff existed between the garnishee and principal defend-
   ant, and claimed that liens for labor performed by several
   claimants on certain logs had been obtained, and notice there-
   of served on the garnishee, and where he did not pay the money
   into court, but defended the case, and it appeared that the al-
   leged liens were invalid by reason of defective proceedings to
   enforce them and that the principal defendant, being an inde-
   pendent contractor hiring labor to do the work, was not en-
   titled to any exemption, a judgment for plaintiff was sustain-
   ed by the proofs.

Error to Kent; Brown, J. Submitted October 18, 1912.
(Docket No. 149.) Decided December 17, 1912.

Garnishment by Bruce N. Keister against Frank Dono-
van. Judgment for plaintiff. Defendant brings error.
Affirmed.

*E. J. Doyle,* for appellant.

*E. A. Maher,* for appellee.

STEERE, J. In this case defendant Donovan seeks to
defeat a judgment obtained against him as garnishee de-
fendant in a suit instituted by plaintiff against Samuel W.
Matice, principal defendant, on the ground that the debt
owed by said Donovan to said Matice, which it was
sought to reach by garnishment, was a labor debt upon
which claims of lien for labor had been filed. Plaintiff
began a suit on April 6, 1911, in justice's court, before T.
H. Burch, a justice of the peace of Kent county, in an
action of assumpsit upon a promissory note which he held
against defendant Matice. On the same date, in the same
court, in relation to the same matter, plaintiff also com-
menced an auxiliary garnishment proceeding against
Donovan, as a debtor of said Matice. A summons against
said Matice as principal defendant, and another summons
against said Donovan as garnishee defendant, were issued
at the same time, both returnable on April 18, 1911, and

both were personally served on April 7, 1911. On the return day, April 18, 1911, the case was called; all parties being present. Plaintiff orally declared on a promissory note executed by said Matice. The garnishee defendant, Donovan, then made and filed the following disclosure in writing, under oath:

"That at the time the garnishee was served on him there was $184.60 due on the contract. Liens to the amount of $161.34 for labor have been filed and served, so that there is $23.24 due above the labor claims due. S. W. Matice, the principal defendant, is a householder, and he worked personally on the job at manual labor all the time the lumber was being cut."

Afterwards, and on the 23d day of May, 1911, to which date the case was adjourned, said Donovan filed an amended disclosure under oath, which is as follows:

"That there is $184.60 due on contract, and that labor liens have been filed for the whole amount thereof, and notice of the same served upon him forbidding him to pay any except those holding such liens. Such notice informs him that said liens have been filed with the county clerk."

The following "examination of garnishee defendant," under oath, was also filed on the same date:

"Q. Donovan, garnishee defendant?
"A. Yes. Am not concerned with the original parties. I was owing Matice $184.60 when the garnishee was served on me. The principal defendant is Matice. This was for sawing lumber and ties. This was on a verbal contract under which I was to pay Matice $4 per thousand for sawing lumber and ties."

On said 23d day of May, judgment was rendered against Matice, the principal defendant, in favor of the plaintiff for the sum of $155.06, with costs taxed at $8.73.

On May 25, 1911, summons to show cause why judgment should not be entered against him as garnishee defendant, under his disclosure, was issued to said Donovan, returnable on June 2, 1911, which summons was returned personally served. The parties appeared on the

return day, and plaintiff declared orally in an action of trover for moneys and effects mentioned in the garnishee's disclosure, also for moneys had and received. Defendant pleaded the general issue and gave notice of statutory liens. The case was heard, and judgment for plaintiff was rendered against said Donovan, as garnishee defendant, for the sum of $162.86, with costs taxed at $3.96. From this judgment defendant Donovan appealed to the circuit court of Kent county, where the case was tried before the court without a jury and judgment rendered in favor of plaintiff for the sum of $176.78, with costs to be taxed in favor of plaintiff. The case has now been removed to this court for review upon writ of error.

That portion of the findings of fact by the trial court in relation to defendant's claim of lien, essential to an understanding of that issue, is as follows:

"The consideration of the indebtedness from the garnishee defendant, Donovan, to the principal defendant, Matice, was the sawing of 46,015 feet of lumber and ties by Matice for Donovan at the price of $4 per thousand. On April 17, 1911, there was filed in the office of the clerk of Kent county what purported to be claims of liens made on behalf of the garnishee defendant, Frank Donovan, and others, to an amount totaling $161.34, as follows:

| | |
|---|---|
| Frank Donovan | $6 00 |
| J. M. Sauders | 29 75 |
| Frank E. Matice | 30 00 |
| E. V. Story | 3 00 |
| James Corrigan | 18 38 |
| Frank Smith | 24 50 |
| Tom McGinnis | 18 23 |
| Frank Woodard | 31 50 |

"The claims so filed were verified by Matice, the principal defendant in the suit in which Donovan had been summoned as garnishee, as hereinbefore stated. They were all identical in terms except as to the names of those said to have liens, and the amounts said to be due to the several parties respectively. The claim in the name of Donovan was as follows:

"'STATE OF MICHIGAN, } ss.:
   "'COUNTY OF KENT. }

   "'The statement of lien made under oath of S. W. Matice for work and labor performed by Frank Donovan, in manufacturing, cutting, skidding, hauling and banking the following described property, to wit: about 46,015 feet of lumber and ties. That the last day's work of said labor was done on the 11th day of April, A. D. 1911, and said labor was performed in the township of Grattan, county of Kent, State of Michigan, and that said described property is not situate in said township of Grattan, county of Kent, State of Michigan, and that there is now due said Frank Donovan for said work and labor, over and above all legal set-offs, the sum of $6 as near as may be, for which said sum a lien is claimed upon said described property.                   S. W. MATICE.

   "'Subscribed and sworn to before me this 19th day of April, A. D. 1911.

                              "'OLIVE M. SMITH,
                    "'Notary Public, Kent County, Mich.
   "'My commission expires Feb. 27, 1915.'

   "No effort appears to have been made to enforce any of these alleged liens. On April 29, 1911, there was filed another claim of lien purporting to be made on behalf of said Matice, as follows:

"'STATE OF MICHIGAN, } ss.:
   "'COUNTY OF KENT. }

   "'The statement of lien made under oath of E. J. Doyle for and on behalf of S. W. Matice for work and labor performed by said S. W. Matice in manufacturing, cutting, skidding, hauling, banking, and scaling the following described property, to wit, 46,015 feet of lumber and ties. That the last day's work of said labor was done on the 11th day of April, A. D. 1911, and said labor was performed in the county of Kent and that said described property or a portion of the same is now situated in the county of Kent and State of Michigan, and that there is now due claimant, the said S. W. Matice, for said work and labor over and above all legal set-offs the sum of $184.60 as near as may be, for which said sum a lien is claimed upon said described property.

                              "'E. J. DOYLE,
                         "'Agent of Claimant.
   "'Subscribed and sworn to before me this 29th day of April, A. D. 1911.

                         ."'ALBERTA VAN WYCK,
                    "'Notary Public, Kent County, Mich.
   "'Commission expires October 29th, 1913.'

"Certain proceedings were undertaken and had by S. W. Matice before John C. Loucks, a justice of the peace for the city of Grand Rapids, in the county of Kent, of which the file and docket entries in such proceedings were as follows:

"' STATE OF MICHIGAN.

"' The Justice Court for the City of Grand Rapids.

"'S. W. Matice, Plaintiff,
                "' *v.*
"' Frank Donovan, Defendant.

"'1911, July 25.—Upon filing an affidavit of attachment under Public Acts No. 229 of 1887 (sections 10756–10770, C. L. 1897), in such case made and provided, returnable before me at my said office in the city of Grand Rapids, Kent county, Michigan, on Aug. 4th, 1911, at 9 a. m.   *   *   *

"'1911, Aug. 4.—Cause called at 9 a. m. at my said office in said city. Plaintiff present. Defendant not present. Cause adjourned on application of the plaintiff to Aug. 28th, 1911, at 9 a. m. at my said office in said city, at which time and place cause called. Plaintiff present. Defendant not present. Cause adjourned on motion of court to Aug. 29, 1911, at 9 a. m., at my said office in said city. At which time and place cause called. Plaintiff present. Defendant not present. Written declaration filed. E. J. Doyle sworn to his authority to appear for plaintiff and testified generally on plaintiff's behalf.

"'1911, Aug. 29.—Whereupon it is considered and adjudged by the court that said plaintiff do recover from said defendant the sum of $184.60 damages.   And it is also found that the same is due for labor and services performed in manufacturing the ties described in the declaration, and is a lien upon the same.   Together with costs of suit taxed at the sum of $4 and that said plaintiff have execution therefor.

| | |
|---|---:|
| Damages | $184 60 |
| Court costs | 2 00 |
| Officer fee | 2 00 |
| | $188 60 |

                "' JOHN C. LOUCKS,
                        "' Justice of the Peace.' "

The claims of lien, approximating $161, filed by Matice in behalf of eight persons, alleged to have worked for him on his contract with Donovan, are unimportant except as they may help to a better understanding of the history of this litigation. They are not shown to have been author-

ized or adopted by the lienors, and there is nothing to indicate that those parties united their claims and designated any one to enforce them. No steps were taken to that end within the limit of time for such action. They were offered in evidence by plaintiff as contradicting Matice's claim of lien for the same labor, and defendant's counsel objected to them as—

"Irrelevant, incompetent, and immaterial,  *   *   * and for the reason that the lien contained in these claims was lost by reason of the claimant's failure to commence their suit thereon within the time prescribed by statute."

From all of which we are naturally led to infer that their filing was an inadvertence on the part of Matice, which he hastened to correct a few days later by procuring E. J. Doyle, as his agent, to swear to and file a claim of lien for Matice himself in a lump sum of $184.60, including the same labor as the previous claims, implying that Matice, and not the men for whom he had recently assumed to file liens supported by his oath, was the party who performed it. Matice prosecuted this claim to a purported judgment in his own favor against Donovan, who made no defense to it there, and now interposes it as a defense here. The docket entries in evidence signify that it is based upon attachment proceedings under the so-called "log-lien law." The entries, standing alone, fail to disclose sufficient of the proceedings to show that the court had jurisdiction to render such judgment.

Not only must the statutory requirements in such proceedings be strictly complied with (*Mathews* v. *Densmore*, 43 Mich. 461 [5 N. W. 669]; *Van Norman* v. *Jackson Circuit Judge*, 45 Mich. 304 [7 N. W. 796]), but a party making claim under such special and exceptional proceedings must prove jurisdiction in the court to render judgment, for jurisdiction is not to be presumed in such cases. Proof of the judgment by the docket entry without proof of the affidavit which authorizes issuing the attachment would not establish a valid judgment. *Goodrich* v. *Burdick*, 26 Mich. 39.

"A recital of an affidavit in such proceedings is not evidence that such an affidavit was made." *Platt* v. *Stewart*, 10 Mich. 260.

It also appears from the transcript of the docket that Donovan at no time appeared in the attachment case in which he now claims Matice has a lien judgment against him. On the return day, August 4, 1911, adjournment was had, on motion of plaintiff, to August 28th, and on the latter date the justice divested himself of jurisdiction by adjourning the case on his own motion to August 29th. This, in legal effect, was a discontinuance of the case. *Segar* v. *Lumber Co*, 81 Mich. 344 (45 N. W. 982); *Adams & Ford Co.* v. *Cullen*, 159 Mich. 669 (124 N. W. 549); Tiffany's Justice's Guide, § 297, and cases there cited. No other proceedings were instituted to enforce the lien within the statutory period.

But, if the lien was alive and established by a valid judgment as claimed, it only made more secure the debt Donovan owed Matice and which plaintiff here sought to reach by proceedings in garnishment. A debt is none the less subject to garnishment because it is well secured by lien or otherwise and certain of collection. 14 Am. & Eng. Enc. Law (2d Ed.), p. 785; *McGurren* v. *Garrity*, 68 Cal. 566 (9 Pac. 839); *Culver* v. *Parish*, 21 Conn. 408; *Greenman* v. *Fox*, 54 Ind. 267; *Dickinson* v. *Dickinson*, 59 Vt. 678 (10 Atl. 821); *Blaisdell* v. *Bowers*, 40 Vt. 126, *Hills* v. *Eliot*, 12 Mass. 26 (7 Am. Dec. 26); *Caldwell* v. *Stewart*, 30 Iowa, 379. The provision of the statute that liens for labor on forest products "shall take precedence of all other claims or liens thereon" does not render the lienor immune from his creditors. It simply gives his lien priority over all other claims or liens of other creditors of the owner of the property on which he has his lien.

Garnishee defendant, Donovan, did not deny owing the amount of plaintiff's judgment to the principal defendant, Matice. He disclosed that he did owe it. In his disclosure entitled "examination of garnishee defendant,"

he swore that he was owing Matice $184.60, when the garnishee summons was served on him, for sawing lumber and ties under a verbal contract by which he was to pay $4 per thousand. He also disclosed that labor liens had been filed of which he had been notified. He could have relieved himself from all further liability and anxiety by paying the money into court and taking a receipt from the justice therefor, whose duty it would then be to serve written notice on the adverse claimants, and the subsequent proceedings need interest Donovan no more. 1 Comp. Laws, § 1017 (5 How. Stat. [2d Ed.] § 13434); *Pecard* v. *Home & Co.*, 91 Mich. 346 (51 N. W. 891); *Stone* v. *Dowling*, 119 Mich. 476 (78 N. W. 549); *Bryant* v. *Wilcox*, 137 Mich. 669 (100 N. W. 918). He has, however, taken upon himself the burden of endeavoring to maintain an untenable claim of lien in Matice's behalf for labor performed, mostly by others, but in part by Matice, the contractor, and by himself, the owner; to the latter extent apparently seeking to secure by a lien on his own property a debt owing to himself by himself. The claim that Matice was entitled to exemption to the extent of work performed by him does not appear to have been presented, or at least urged, in the trial court, and, even if it had been, there is no definite testimony furnishing any data from which the court could have made a finding as to amount or value. Matice was not a hired laborer working for wages, but an independent contractor, hiring laborers himself and engaged in carrying out a contract.

The findings of fact by the trial court are sustained by the testimony, and the result reached in his conclusions of law thereon is correct.

The judgment is affirmed.

Moore, C. J., and McAlvay, Brooke, Kuhn, Stone, Ostrander, and Bird, JJ., concurred.